G. W. BARRETT *v.* CARTER BROS. & CO.

69  593
     241

1. APPEAL.  *By whom taken.  Successful party.*

   A defendant as to whom a bill has been dismissed, has no further ·interest
   in the litigation, and cannot join in an appeal taken by a co-defendant.

2. JURISDICTION.  *Suit in wrong court.  Constitution* 1890, § 147.

   Under § 147, constitution 1890, "no judgment or decree in any chancery
   or circuit court rendered in a civil cause shall be reversed or annulled
   on the ground of want of jurisdiction to render said judgment or decree,
   from any error or mistake as to whether the cause in which it was
   rendered was of equity or common law jurisdiction."

3. SAME.  *Constitution* 1890, § 147.  *Case.*

   A creditor filed a bill to ·cancel as fraudulent a sale of goods by his debtor,
   and to hold the purchaser liable for their value.  The latter was a non-
   resident, but had lands in the county where the bill was filed, and these
   were attached.  The debtor, who lived in a different county, was sum-
   moned personally, and the purchaser by publication.  Both failed to
   appear, and *pro confesso,* followed by final decree, was taken, and the
   lands attached decreed to be sold.·  The debtor alone appeals.  *Held,*
   that it cannot be assigned for error that the chancery court was without
   jurisdiction.  Const. 1890, § 147.

4. APPEAL.  *Error affecting others.*

   In such case the grantor, who alone appeals, cannot assign for error mat-
   ters affecting only his co-defendant, the grantee.

FROM the chancery court of Lee county.

-HON. BAXTER MCFARLAND, Chancellor.

Carter Bros. & Co. exhibited this bill in the chancery court
of Lee county, against G. W. Barrett, a citizen of Prentiss
county, John Dulaney and George Sloan, citizens of Lee
county, and against G. B. Oliver, a citizen of the state of
Texas.   The bill alleges that Barrett, prior to January,.1890,
was a merchant, and, as such, became indebted to complain-

69 MISS.—38

ants and others, whose debts complainants have purchased; that, in January, 1890, Barrett, being thus indebted and insolvent, made a fraudulent sale of his stock of goods to Oliver, then a citizen of Lee county, who confederated with him to defraud creditors, and bought the goods in furtherance of the fraudulent scheme; that Oliver intermingled the goods so bought with others, and placed them beyond the reach of creditors; that he had removed to Texas, but had a stock of merchandise in Lee county in the hands of Dulaney and Sloan as his agents, and also a large quantity of land in said county.

The bill prays that the sale to Oliver be decreed to be fraudulent and void as to complainants, and that, by reason of his participation in the fraud, Oliver be held as a trustee of the goods bought by him, and a decree be rendered against him for their value sufficient to pay complainants' debt, and against Sloan and Dulaney for the value of such goods as were turned over to them; and that an attachment issue against his property in this state. The defendants, except Oliver, were personally summoned, and the attachment was issued and levied on the aforesaid lands of Oliver, and publication made in the usual form, summoning him to appear. Neither Barrett nor Oliver appeared, and a *pro confesso* decree was taken against them.

Sloan and Dulaney demurred to the bill, the main ground being that the chancery court was without jurisdiction to render any decree against Oliver, and that his liability, if any existed, was not such a debt as would support an attachment against him. The demurrer, which was a general one, was overruled, whereupon, Sloan and Dulaney asked leave to file a special demurrer to so much of the bill as affected them. This motion was denied. Thereupon, complainant moved for leave to dismiss the bill as to Sloan and Dulaney, and this was sustained, and the order of dismissal entered, and a final decree rendered against Barrett and Oliver, who had failed to appear. The decree held Oliver liable to complainants, because of the fraudulent purchase of the goods, and, as

the value of the goods exceeded the debt of complainants, decreed that the lands of Oliver, which had been attached, should be sold to satisfy said debt.

From this decree Barrett has appealed, and Sloan and Dulaney, as to whom the bill had been dismissed, have made application to the supreme court to be allowed to join in the appeal.

In view of the opinion of the court, the question of original jurisdiction in the chancery court being now immaterial, it is not necessary to set out the arguments and briefs of counsel as to that.

*W. M. Cox* and *Clifton & Eckford*, for appellants.

*Clayton & Anderson* and *Blair & Stribling*, for appellees.

The decree cannot be reversed, even if there was a want of jurisdiction.    Const. 1890, § 147.

COOPER, J., delivered the opinion of the court.

The bill having been dismissed as to the defendants, Sloan and Dulaney, they have no longer any interest in the litigation, and their motion to join in the appeal must be denied.

If there would otherwise have been merit in the objection taken to the jurisdiction of the court by the appellant, Barrett, it cannot now avail, for, by § 147 of the constitution, it is declared that "no judgment or decree in any chancery or circuit court, rendered in a civil cause, shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common law jurisdiction."    There is no error in the decree, as against Barrett, who alone appeals.    He cannot assign for error matters affecting only the right of other defendants.

*Decree affirmed.*