WALTER FISHER CO. *v.* I. LOWENBERG & CO.*

(In Banc. March 12, 1928.)

[116 So. 91. No. 26973.]

APPEAL AND ERROR. *Complainants, seeking separate and distinct judgment, cannot file cross-assignments of error to defendants' appeal, transferring controversy with other complainant (Hemingway's Code 1927, section 18).*

Where each of several complainants sought a separate and distinct judgment against defendant on separate indebtedness, and appeal by such defendant transferred to the supreme court only

controversy between it and one complainant, other complainants were not entitled, under Code 1906, section 43 (Hemingway's Code 1927, section 18), to file cross-assignments of error.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 1403, n. 57.

APPEAL from chancery court of Clay county.
HON. ALLEN COX, Chancellor.

Suit by I. Lowenberg & Co. and others against Walker Bros. and the Walter Fisher Company. From the decree, the defendant last named appeals, and complainant named filed a cross-assignment of error. On motion of other complainants for leave to file cross-assignments of error. Motion overruled.

*McClellan & Tubb*, for appellant.

*A. J. McIntyre*, for appellee, I. Lowenberg & Co.

*B. H. Loving*, for moving appellees.

SMITH, C. J. The appellee, I. Lowenberg & Co. and a number of other mercantile creditors of Walker Bros. filed a bill against Walker Bros. for the recovery of debts alleged to be due them by Walker Bros., and joined as defendant therein the Walter Fisher Company, alleging a connection between Walker Bros. and Walter Fisher Company which rendered the Walter Fisher Company liable for the mercantile debts contracted by Walker Bros. The case was tried on bill, answer, and proof, and a decree was rendered awarding each of the complainants a separate judgment against Walker Bros., but dismissing the bill as to the Walter Fisher Company except as to the claim of I. Lowenberg & Co.; a judgment for a part of which was rendered against the Walter Fisher Company in favor of I. Lowenberg & Co.

The Walter Fisher Company brought the case to this court. I. Lowenberg & Co. have filed a cross-assignment

of error.  Several of the other complainants in the court below have filed a motion for leave to file cross-assignments of error, which cross-assignments of error they later filed without waiting for their request so to do to be granted, addressed to the refusal of the court below to award each of these complainants a judgment against the Walter Fisher Company.  No appeal bond has been given by any of these cross-appellants.

The Walter Fisher Company objects to the filing of cross-assignments of error by the complainants in the court below, other than I. Lowenberg & Co.

An appellee may file a cross-assignment of error without the execution of an appeal bond when all of the record in the cause necessary for the consideration of the cross-assignment of error has been transferred to this court by the direct appeal, provided the party filing the cross-assignment of error is, or under section 43, Code 1906 (Hemingway's 1927 Code, section 18), can be made, a party to the direct appeal.  *Crawley* v. *Ivy* (Miss.), 116 So. 90, this day decided.  These conditions do not here exist. Each of the complainants in the court below sought a separate and distinct judgment against the Walter Fisher Company on a separate indebtedness alleged to be due each complainant, each debt to be proven, if controverted, by evidence not pertinent to the others.  The appeal by the Walter Fisher Company has transferred to this court only the controversy between it and I. Lowenberg & Co., and so much of the record only as is necessary to determine that controversy.    ·

The motion for leave to file cross-assignments of error will be overruled, and the cross-assignments of error other than the cross-assignment of error filed by I. Lowenberg & Co. will be stricken from the record.

*Motion overruled.*