PLANTERS LUMBER CO. *v.* PLUMBING WHOLESALE CO.

(Division B. May 2, 1938.)

[180 So. 793. No. 33198.]

**Harold Cox,** of Jackson, for appellant and cross-appellee, on motion to dismiss cross appeal.

Lotterhos & Travis and **Vardaman S. Dunn**, all of Jackson, for appellee and cross-appellant, W. E. Rubush.

**Ethridge, P. J.,** delivered the opinion of the court.

The Planters Lumber Company filed a bill of interpleader against the Plumbing Wholesale Company and other materialmen to settle claims and rights in connection with a certain construction project. W. E. Rubush was not made a party defendant to this original bill, but he filed an answer and cross-bill against the Planters Lumber Company, claiming certain rights in matters in controversy, and the court permitted him to intervene as a party to the suit, and to file an answer and cross-bill; but afterwards, on the hearing, dismissed his answer and cross-bill by a separate order or judgment, from which no appeal was prosecuted by the Planters Lumber Company. In its application for appeal, and appeal bond, the Planters Lumber Company recited the judgment from which it desired to appeal, and executed its appeal bond,

and the parties mentioned in the appeal bond, who had obtained a judgment against the Planters Lumber Company, were made appellees.

Thereafter, without filing an appeal bond, W. E. Rubush filed a cross-assignment of error, and briefs thereon, seeking to review claims adjudged against him, and the dismissal of his answer and cross-bill on the appeal prosecuted by the Planters Lumber Company. A motion was made to strike the brief and cross-appeal, and it appears that, inasmuch as the order dismissing his answer and cross-bill was a separate subject matter of litigation, not connected with the judgments appealed from in such way as to allow an appeal without bond by means of cross-assignments of error, no cross-appeal was proper. In other words, the Planters Lumber Company did not appeal from the judgment disposing of Rubush's claims, and Rubush himself has not filed an appeal bond. In Barrett v. Carter Bros. & Co., 69 Miss. 593, 13 So. 625, it was held that defendants as to whom the bill had been dismissed have no right to join in an appeal with their codefendants, against whom judgment is rendered. In Culpepper v. Holmes et al., 170 Miss. 235, 154 So. 726, 727, we said: "The judgment is separable and independent, and it is not competent for Donald McLean, not having appealed, to cross-assign errors on the appeal of Culpepper as against Holmes. Consequently, we do not pass upon the questions involved in the trial between Culpepper and the defendant Donald McLean, as they are not rightfully before us." See, also, Crawley v. Ivy, 149 Miss. 764, 116 So. 90; Walter Fisher Co. v. Lowenberg & Co., 149 Miss. 761, 116 So. 91.

We are of the opinion, therefore, that the said Rubush was not entitled, without prosecuting an appeal and giving bond, to assign cross-error to the briefs thereon; and the motion to strike is sustained.

Motion sustained.