DAVIS, et al. *v.* SHEMPER.

Division B. Dec. 4, 1950.

No. 37705 (49 So. (2d) 253)

202

Jan. 22, 1951. (50 So. (2d) 143)

**A. S. Johnston, John Sekul** and **Thos. J. Wiltz,** for appellants.

**Jo Drake Arrington** and **Jacob D. Guice,** for appellee.

**Roberds, P. J.**

Shemper instituted this proceeding. It was twofold: first, to obtain a personal judgment against Charles H. Davis and his wife, Mrs. Katie Davis, for $1,650, and; second, to attach and subject to the payment of the debt property of defendants. The sheriff seized two vehicles, a White Tractor Truck and a Trailmobile Van. It is not clear from the record whether these constitute one unit or two units. We will simply use the word "truck". Garnishments issued against First Bank and Peoples Bank of Biloxi. Both defendants denied they owed plaintiff and that any ground for attachment existed, or that their property was subject to attachment. Mrs. Davis claimed that she, and not Davis, was the owner of the truck. Both banks answered they owed Davis nothing. Peoples Bank said it was not indebted to Mrs. Davis, but First Bank answered it had on deposit to the credit of Mrs. Davis in its savings department the sum of $565.11.

The court directed the jury to find against Davis as to personal liability and upon the attachment issue of the truck. It directed the jury to find for Mrs. Davis upon the garnishment issue. Judgments were accordingly ren-

dered. No personal judgment was entered against Mrs. Davis. Pringle and Fayard, two of appellants, executed a forthcoming bond for the attached property and judgment was rendered against them, with the proviso they could deliver to the sheriff, within ten days after execution was placed in his hands, the two vehicles, which act would satisfy the judgment against them. Apparently that was not done. These sureties undertake to appeal here. They, with Mrs. Davis, constitute all the appellants. Davis did not appeal.

The court first tried the attachment issue and then the personal liability issue. We will deal with them in that order.

The questions involved on the attachment issue were, first, whether both, or either, of defendants were or was indebted to plaintiff; second, whether ground existed for the attachment; third, as between defendants, which was the owner of the property; and fourth, the question of damages.

■■■ On the first question, it was adjudicated Davis owed plaintiff in the sum of $1,650. It was also adjudicated Mrs. Davis did not owe plaintiff. Davis does not appeal and Mrs. Davis cannot appeal for him. However, the sureties do undertake to appeal. We do not decide whether they have the right to do that. We will dispose of the personal liability question as though properly presented. The proof is undisputed that Davis owed the debt. He traded to Shemper two stolen automobiles he knew to be stolen property. Indeed, he plead guilty in the Federal Court to transporting these vehicles through interstate commerce knowing they had been stolen, in violation of Section 408 [now Sections 2311-2313] Title 18, U. S. C. A., and was sentenced to the Federal Penitentiary for that crime. The automobiles, so traded to Shemper, were repossessed by the original owners. The bill of sale by Davis expressly warranted the title to the property. Because of failure of title Shemper lost $1,650.

As to ground of attachment against Davis, what has just been said is sufficient to establish that the obligation was fraudulently contracted, aside from whether this, and the other proof we might set out, also establishes other grounds for attachment under our statute. Section 2679, Code 1942.

■■ The question of ownership of the truck, as between Mr. and Mrs. Davis, presents a more serious question. We think the proof sustains the conclusion reached in the lower court that Davis was the owner. It is shown that Davis was dealing in stolen automobiles; that as a part of his plan he began to take title to these cars in the name of Mrs. Davis. He did that as to a Dodge Truck. He paid the entire purchase price. The seller said Davis made out the bill of sale and inserted the name of Mrs. Davis as purchaser. That transaction took place at Pascagoula, Mississippi. Shortly thereafter Davis carried this Dodge Truck to Tulsa, Oklahoma, where he obtained the White Truck, trading in the Dodge on that deal. He made the White Truck bill of sale to Mrs. Davis. Davis did not testify at the trial. Mrs. Davis admitted that she knew nothing whatever of these transactions before the time they took place, and, as a matter of fact, knew practically nothing when she testified. She did say that sometime later Davis told her he gave her the truck and took title in her name. She said she paid none of the purchase price, and Davis was not her agent and had no authority to use her name in the conduct of his business. She had never seen the White Truck before it was attached. She understood Davis was in the used car business but knew nothing whatever of the details or his method of doing business. Finally, when pressed about the White Truck transaction, she frankly said ''I don't know anything about it.'' It is clear the truck actually was the property of Davis, and subject to his debts.

On the fourth question, it is evident, of course, Davis had no just claim to damages. All issues were correctly

decided against him. ■■ The jury disallowed any damage to Mrs. Davis. Her claim to damage rested upon asserted wrongful attachment of the truck and wrongful garnishment of her bank accounts. As shown, she did not own the truck, and, therefore, she is not entitled to damage because of its seizure, or the contest she made as to the title thereto. Collins v. Wheeless, 171 Miss. 263, 157.So. 82. ■■ She won the garnishment issue, but the jury found she had suffered no damage resulting from the wrongful attachment of her money. This was error. At least, she was entitled to nominal damage. We cannot here award her more than that because there is no proof in the record of any specific damage she incurred because of the attachment of the money. Practically the entire case was fought out on the issue of the truck. Proof was made of damage but it was directed to the entire contest.˙ There was no proof of damage resulting alone from the garnishment. The jury had no guide for determining the damage resulting from the garnishment contest, nor do we; therefore, we can only award nominal damages, which we do, and fix the amount at one dollar.

■■ Now, as to the issue of personal liability. Judgment was entered against Davis. He does not appeal. That would seem to dispose of all questions as to the correctness of that adjudication. However, upon conclusion of the hearing of the attachment issue and the beginning of the personal debt issue, plaintiff moved the court to strike the answer Mrs. Davis had filed denying she was personally liable. The court sustained the motion. Technically, plaintiff should have taken a nonsuit as to Mrs. Davis on that issue instead of moving to strike her answer. However, the question is foreclosed here for these reasons: first, as a part of the oral motion to strike counsel for plaintiff stated he was then abandoning any contention that Mrs. Davis was personally liable, and in a number of places in the record the court and counsel for both sides spoke of that action by plaintiff

as a dismissal of any claim for personal liability against her; and, second, personal judgment was rendered in her favor, and, as to personal liability, there is nothing from which she can appeal. She won that contest.

This results in a reversal of the case as to damage to Mrs. Davis and a judgment here for her in the sum of one dollar and an affirmance of the case in all other respects. ██ ██ That leaves the adjustment of liability for costs of the appeal. Shemper prevailed as to $1,650; Mrs. Davis as to $565.11. On the proportion of that basis, Mrs. Davis should pay three-fourths and Shemper one-fourth of the appeal costs. It will be assessed in that proportion. Section 1988, Code 1942.

Affirmed in part and reversed in part and judgment here.

**Arrington, C.**, took no part in the consideration of this case.

ON SUGGESTION OF ERROR.

**Ethridge, C.**

 ██ By suggestion of error, the two sureties, appellants, on the forthcoming bond of the defendants below in this attachment action, assert that they had a right to appeal from the judgment against their principals and themselves. That was in fact the assumption upon which the original opinion was based, and the Court there considered fully the case on its merits. Appellants, sureties, cannot complain of having obtained that which they urge.

Appellants state that the appellee cannot declare upon a joint cause of action against the two defendants and recover on a several cause against only one. But the declaration charges not a joint liability alone, but a joint and several one. This conclusion is also affected by Sec. 335, Code of 1942. The principle first stated may be

correct, but its major premise does not fit the facts of this case.

On the attachment issue on the truck, the jury found for appellee, that "the attachment was rightfully sued out", and that the garnishment on Mrs. Davis' bank account was wrongfully sued out, but that she suffered no damages thereby. The attachment was "sustained insofar as the truck is concerned". Plaintiff then moved to strike Mrs. Davis' answer to the declaration in the hearing on the debt issue. On this debt issue, the Court ordered that "the garnishment issued in this attachment cause against" the bank "be and the same is hereby dismissed, and said garnishees be and they are hereby discharged . . .." Appellants, sureties, contend that this order was a discharge of one of their principals, Mrs. Davis, on their forthcoming attachment bond, and that this dismissal of her released them from liability on their bond to produce the truck, or the value thereof. However, the stated order did not discharge Mrs. Davis as a party to the action on the attachment issue, but only as to the debt issue in which the sureties have no interest. At the time of this order, the judgment on the attachment issue had been executed and was res judicata as to the parties and the sureties. That was the only issue in which the sureties were interested on their forthcoming bond for the production of the property attached, and they were bound by that judgment on the attachment issue. What happened to the debt issue, to which the aforesaid order was limited, was not the concern of the sureties.

In view of the above holding, we do not find it necessary to decide whether if one of the principals on a joint and several bond had been wholly discharged from the attachment issue and proceedings, the sureties on the forthcoming bond were thereby released from liability on it. Tyler v. Davis, 1885, 63 Miss. 345, involved a joint bond and is perhaps distinguishable from the former situation, particularly in view of Code, Sec. 335

and the modern trend indicated in 5 Am. Jur., Attachment and Garnishment, Sec. 914, and the annotation in 74 A. L. R. 912, 919 (1931).

The suit involved the attachment of two vehicles, a White Tractor Truck and a Trailmobile Van. The former apparently has the motor and cab, and the latter is an essential part, although a separate physical item for holding goods by hooking the van onto the tractor truck. The verdict and judgment in attachment simply refer to the "truck" without specifying in detail both the tractor truck and the van. Hence appellants argue that the judgment is void, at least as to the van, which they claim is not covered in that judgment by the use of the word "truck". However, it is apparent that all parties used the word "truck" in a generic, inclusive sense, enveloping both the tractor truck and the van, and this is evidenced by the fact that not only some witnesses, but also the attorneys for both sides, used it in their interrogations of witnesses during the trial on the attachment issue. Moreover, the amended affidavit for writ of attachment, the sheriff's return of execution of that writ, and the final judgment described separately both items of property, and constitute an adequate identity of them.

The suggestion of error is therefore overruled.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the suggestion of error is overruled.

**Arrington, C.,** took no part.