BURT, et al. *v.* ROBERTS, et al.

Division A.   Nov. 19, 1951.

No. 38081  (55 So. (2d) 164)

Roach & Jones, and **T. F. Badon,** for appellant.

Gordon & Gordon, for appellee. .

**Holmes, C.**

Appellant filed an attachment suit in the Chancery Court of Amite County, naming J. J. Johnson as a nonresident defendant and Sam Leslie Roberts as a resident defendant. Appellant's original bill sought to recover of the said J. J. Johnson damages alleged to have resulted to the truck of appellant by reason of the alleged negligent operation of the said J. J. Johnson's truck on the public highway. The original bill further alleged that Roberts was indebted to Johnson and had effects of Johnson in his hands, and sought to bind such indebtedness and effects in the hands of said Roberts for the purpose of subjecting the same to appellant's demand.

Johnson answered denying liability to the appellant, and Roberts answered denying that he was indebted to Johnson or had effects of Johnson's in his hands, and seeking by cross-bill to recover of appellant damages

for the alleged wrongful suing out of the attachment, consisting of $200.00 for attorneys' fees incurred in the defense of the suit and $100.00 for loss of time in answering the suit.

The allegations of the original bill that Roberts was indebted to Johnson or had effects of Johnson's in his hands were not sustained by the proof, and the evidence on the issue of the liability of Johnson to the appellant was conflicting.

The chancellor by his decree awarded to appellant the recovery of damages against Johnson in the amount of $909.56, the sum sued for, and adjudged the attachment to be wrongfully sought out and awarded to Roberts a decree against appellant for $275.00, consisting of $200.00 for attorneys' fees and $75.00 for loss of time.

The appellant has prosecuted this appeal from the decree rendered against it and in favor of Roberts. There is no appeal here from the decree rendered in favor of appellant and against Johnson. Johnson has filed in this Court a cross-assignment of errors, but this is of no effect and is disregarded in the absence of a direct appeal from the decree rendered against him. Therefore, the decree in favor of appellant and against Johnson is not before this Court for review.

On appellant's appeal from the decree rendered against it and in favor of Roberts, the sole contention of appellant is that the court was without authority to award damages and attorneys' fees to Roberts. We think this contention is sound and that it is supported by the prior decisions of this Court in the cases of Bonds v. Garvey, 87 Miss. 335, 39 So. 492; Rosenbaum's Sons v. Davis & Andrews Company, 111 Miss. 278, 71 So. 388. Appellee argues that the fact that the claim for attorneys' fees and damages was asserted by cross-bill distinguishes this case from the cases cited supra. We are unable to concur in this contention. The assertion of the claim by cross-bill vests no right of recovery in the cross-complainant unless there is a legal basis for such recovery.

It follows from these views that the decree of the chancellor in so far as it is rendered in favor of the said Sam Leslie Roberts and against appellant be and the same is hereby reversed and a decree entered here for the appellant.

Reversed and decree here for appellant.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated the judgment of the court below is reversed and decree entered here for the appellant.

On Motion to Apportion Costs Dec. 17, 1951 (55 So. (2d) 456).

**Lee, J.**

The Burt Plumbing Company was compelled to take its appeal here on account of that part of the decree against it in favor of Sam Leslie Roberts. J. J. Johnson filed no bond, and he had no appeal properly before this Court. Thus the controversy here was between the plumbing company and Roberts. Upon the reversal of the decree of the lower court and the rendition of a decree here for the plumbing company, Miss., 55 So. (2d) 164, the costs on this appeal were properly taxed against Roberts.

The motion is therefore overruled.

Overruled.