## CUNNINGHAM *v.* LOCKETT, et al.

Mar. 16, 1953

No. 38694 24 Adv. S. 14 63 So. 2d 401

*Hill Jarratt,* for appellant.

*McClure & Fant* and *R. T. Keys,* for appellees.

HOLMES, J.

On September 4, 1946, the appellant was the owner of 400 acres of land, more or less, situated in Panola County, Mississippi, which she inherited as the sole and only legal heir of her former husband, C. J. Johnson, who died intestate in about the year 1928. Appellant later married James Cunningham, a preacher, with whom she

lived until his death in the month of April, 1946. She had no children. On September 4, 1946, she executed a deed to her brother, George Lockett, conveying to him the aforesaid land and reserving unto herself a life estate therein. George Lockett died intestate on or about August 29, 1950, leaving as his sole and only heirs at law his widow, Ardella Lockett, and one son, Elmore Lockett, both of whom were adults. At the time of the death of the said George Lockett, he was living apart from his lawful wife, Ardella Lockett, and living with one Dorothy Lockett, also called Dicey Lockett, with whom he had contracted a ceremonial marriage without previously obtaining a divorce from his said wife, Ardella Lockett. Immediately following the death of George Lockett, and in fact on the day before he was buried, to-wit, September 2, 1950, the said Ardella Lockett and Elmore Lockett conveyed unto Joseph Lockett and Katie Lockett Dean, the brother and sister respectively of appellant, an undivided one-fourth interest each in the remainder interest in said land. At the time of the death of the said George Lockett, the Taylor Mercantile Company was asserting a claim against the said George Lockett in the amount of approximately $2,000 and asserting the right, following the death of the said George Lockett, to enforce payment of said claim out of any property owned by the said George Lockett at the time of his death. On November 29, 1951, the appellant filed her original bill in the Chancery Court of the First Judicial District of Panola County, Mississippi, against Joseph Lockett, Katie Lockett Dean, Ardella Lomax Lockett, Elmore Lockett, and Taylor Mercantile Company, a corporation, seeking the cancellation of the aforesaid conveyance executed by her to the said George Lockett on September 4, 1946, and the aforesaid conveyance executed by Ardella Lomax Lockett and Elmore Lockett to Joseph Lockett and Katie Lockett Dean, charging that the aforesaid conveyance executed by appellant to the said George Lockett on September 4,

1946, was procured through fraud and mistake and undue influence and at a time when the appellant, because of old age, weakness of mind, and sickness, was incapacitated to understand and appreciate the nature and effect of said conveyance.

The suit of appellant was not contested by the said Joseph Lockett, Katie Lockett Dean, and Elmore Lockett, and in fact these named defendants appeared as witnesses in behalf of the appellant. The said Ardella Lomax Lockett and Taylor Mercantile Company answered, denying the allegations of the original bill and the grounds therein relied upon for the cancellation of the conveyances therein sought to be cancelled.

The chancellor, after hearing the evidence, found adversely to the appellant, both as to the law and the facts, and entered a decree dismissing the original bill, from which decree the appellant prosecutes this appeal.

The appellant seeks a reversal of the decree of the court below upon the ground that the same is contrary to the overwhelming weight of the evidence.

The issues presented to the chancellor were whether the deed which the appellant executed to George Lockett on September 4, 1946, was procured through fraud or mistake, or as the result of undue influence, or whether at the time of the execution of the deed by appellant she was of great weakness of mind caused by the infirmities of old age and illness or other cause to the extent that she was mentally incapacitated to understand and appreciate the transaction and the effect of her act. The proof on these issues was conflicting. The proof on behalf of the appellant showed that she was about 85 years of age, unable to read and write, in bad health, suffering from arthritis and stiffness and swelling of the limbs, and was unable to go about without difficulty, but made frequent trips to the doctor, and had been in a confused state of mind since the death of her husband, James Cunningham, in April, 1946; that her physical ailments grew progres-

sively worse following the death of her husband, James Cunningham, and that she would occasionally start to say something and forget what she was going to say and that after the death of her said husband she occasionally inquired where he was or when he was coming home; that George Lockett visited her on frequent occasions and assisted her in her business, and influenced her to go with him to the office of McClure and Fant, attorneys, at the time the deed in question was prepared for execution; that she executed the deed thinking that it was a will; that she did not discover her mistake until after George Lockett became ill during the latter part of the year 1949, when she visited him in his home; that on this occasion, Dicey Lockett remarked in her presence that George Lockett could not get well and that on his death she was going to sell the land; that the appellant then told her that she could not sell the land since she had only willed it to George Lockett, and that Dicey replied that she, the appellant, thought she had willed it to George but she had in fact executed a deed to the property; that appellant then had inquiry made at the clerk's office and learned that the instrument which she executed was a deed; that she then had prepared a deed for the reconveyance of the land to her by George Lockett, and took the same to the said George Lockett and requested him to execute it, and that he said he would do so, stating that he realized he had acted wrong and that she, the appellant, thought she was executing a will; that George Lockett, however, refused to execute the deed reconveying the property to appellant; that thereafter the appellant had another deed prepared to be executed by George Lockett conveying to Joseph Lockett and Katie Lockett Dean a two-thirds interest in the land, pursuant to an understanding with the said Joseph Lockett and Katie Lockett Dean that they in turn would convey such interest to the appellant, and that she, the appellant, undertook to get George Lockett to execute this deed but

that he failed or refused to do so; that immediately upon the death of the said George Lockett, and in fact before his burial, appellant prevailed upon Ardella Lockett and Elmore Lockett, the sole heirs of George Lockett, to execute a deed conveying a one-fourth interest each in the land to the said Joseph Lockett and Katie Lockett Dean, pursuant to an understanding that the said Joseph Lockett and Katie Lockett Dean would in turn convey such interest to the appellant; that Joseph Lockett and Katie Lockett Dean failed thereafter, however, to execute such a conveyance to the appellant.

The proof on behalf of the appellees showed on the contrary that the said George Lockett did not assist appellant in the conduct of her business; that on the occasion when the deed in question was prepared, appellant, without any suggestions from George Lockett, requested him to go with her to the office of the attorneys; that the only relationship existing between appellant and George Lockett was that of brother and sister; that on May 20, 1946, the appellant obtained a loan from the State Bank of Como for $421.50, executing a deed of trust on the aforesaid land to secure the same; that Mr. Dave Pointer, the official of the bank who handled the transaction, observed nothing abnormal about the mental condition of the appellant at the time; that the appellant, on May 3, 1947, January 10, 1948, December 15, 1949, and January 20, 1951, executed deeds of trust to J. H. Cash and Company covering her crops, work stock and farming implements, and securing various amounts advanced to appellant by the said J. H. Cash and Company; that Dorothy Lockett, the woman with whom George Lockett was living at the time of his death, was present at the time appellant executed the deed to George Lockett, and that according to her testimony, the appellant fully knew and understood what she was doing. Mr. Herbert Fant, the attorney who prepared the deed, testified that when the appellant came to his office she first stated that she

wanted to will the property to George Lockett, and then said that she wanted him to have it immediately and that he then explained to the appellant that if she wanted him to have it immediately it would be proper to deed the property to him rather than to execute a will and that she assented to this, and that he himself suggested to her the reservation of a life estate, and the deed was prepared and executed accordingly; that he had known the appellant since 1929 and had had other transactions with her, and that she thoroughly understood and appreciated the nature of her act.

It will be observed, therefore, that the testimony on the issues involved was wholly conflicting and we think that the chancellor was amply warranted under the evidence in resolving these issues in favor of the appellees.

■■■ It is argued by appellant, however, that a confidential or fiduciary relationship existed between the appellant and her brother George and that the existence of such relationship should render the deed invalid for presumed undue influence. The chancellor, however, was justified in believing from the evidence for the appellees that the only relationship between the parties was the blood relationship of brother and sister. Ties of blood alone are not sufficient to furnish the basis for a confidential relationship. 26 C. J. S., p. 298.

Appellant relies upon the cases of Puryear v. Austin, 205 Miss. 590, 39 So. 2d 257; Nubby v. Scott, 186 Miss. 309, 19 So. 2d 911, and like decisions, holding that when there is great weakness of mind in a person executing a conveyance of land arising from age, sickness or other cause, though not amounting to absolute disqualification, and the consideration given for the property is grossly inadequate, a court of equity will, upon application of the injured party, or his heirs, set aside such conveyance.

■■■ We recognize the soundness of these cases but they are applicable only where there is a showing of great weakness of mind arising from old age, sickness or other

cause. All that the proof for appellant shows is that she was old, sick, unable to read and write, and that her physical infirmities had become progressively worse since the death of her husband in April, 1946, and that she would occasionally start to say something and forget what she was going to say, and that she occasionally, after the death of her husband, inquired where he was or when he was coming home. We do not think that mere temporary forgetfulness or temporary aberration is sufficient to bring appellant within the pronouncement of the cases cited, in the absence of proof that at the time she executed the deed she did not possess sufficient mentality to understand and appreciate the nature and effect of her act. The material inquiry is whether at the very time she executed the deed she possessed the mental capacity to understand and appreciate the nature and effect of her act. Lum v. Lasch, 93 Miss. 81, 46 So. 559. Appellant did not testify in her own behalf, and the only testimony as to the mental capacity of appellant at the time she executed the deed is that of Mr. Fant, the attorney who prepared the instrument, and that of Dicey Lockett, both of whom said that the instrument was fully explained to the appellant and that she thoroughly understood what she was doing.

While it is claimed by the appellant that her old age, sickness, and grief over the death of her husband, produced for her a confused state of mind, it is significant that this deed was executed on September 4, 1946, and that more than three years thereafter, that is to say, in the latter part of the year 1949, when she claims to have ascertained for the first time that she had executed a deed instead of a will, she showed remarkable alertness of mind in undertaking to get a reconveyance of the property from George Lockett to her, and failing in this, to get George Lockett to convey a two-thirds interest in the land to Joseph Lockett and Katie Lockett Dean, pursuant to an understanding that the said Joseph Lockett

and Katie Lockett Dean would in turn convey such interest to the appellant, and failing in this, prevailed upon Ardella Lockett and Elmore Lockett, after the death of George and before he was buried, to execute to Joseph and Katie the conveyance of an undivided one-fourth interest each in the land, having first obtained from Joseph and Katie an agreement that they would in turn convey such interest to the appellant; all of this notwithstanding that the appellant was more than three years older than at the time she executed the deed, and notwithstanding the claim of appellant that her illness was becoming progressively worse. In other words, while appellant relies upon her advanced age and illness mainly to establish her lack of mental capacity to execute the deed, the proof shows that more than three years later, although older, and although becoming progressively worse so far as her illness was concerned, she was mentally alert and unusually active. It is significant, too, that following the execution of the deed on September 4, 1946, the appellant continued to execute deeds of trust to J. H. Cash and Company and no question was ever raised as to her mental capacity so to do.

Reviewing the entire record, it is disclosed that the evidence presented issues of fact for the determination of the chancellor. The chancellor resolved these issues in favor of the appellees and we are of the opinion that the decision of the chancellor is amply supported by the evidence. The decree of the court below is accordingly affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Arrington* and *Lotterhos, JJ.,* concur.