ALEXANDER, et al. *v.* MAYOR AND BD. OF ALDERMEN
OF CITY OF NATCHEZ, et al.

March 1, 1954

No. 38999 55 Adv. S. 1 70 So. 2d 529

*Chas. F. Engle, R. L. Netterville,* Natchez, for appellants.

*Brandon, Brandon, Hornsby & Handy; Laub, Adams, Forman & Truly,* Natchez, for appellees.

ETHRIDGE, J.

Appellants, Alma Alexander and others, complainants below, have filed a motion to retax the costs. The judgment of this Court taxed all costs against the direct appellants and cross-appellees, the movants herein. 68 So. 2d 434, 442. Appellants base their request for an equal division of the costs upon the argument that the

defendants below did not properly perfect their cross-appeal, in that they filed no appeal bond for their cross-appeal, and that defendants and cross-appellants never attempted to file a cross-appeal until they filed their brief.

■■■ However, we think that the cross-appellants properly perfected a cross-appeal in accordance with the decisions. They filed an assignment of errors on cross-appeal. The rule as to the method of taking cross-appeals was set forth in Crawley v. Ivy, 149 Miss. 764, 116 So. 90 (1928), where appellee had sued appellant on a debt and obtained a decree for less than the amount sued for. Appellant filed a bond and took an appeal, and after the time within which an appeal could be taken, appellee filed an appeal bond and a cross-assignment of error. Appellant then moved to dismiss appellee's cross-appeal, on the ground that the bond was given too late. Chief Justice Smith, speaking for the Court, said:

"Our statutes do not specifically provide for a cross-appeal; but such an appeal may, of course, be taken by the execution of a bond therefor under the statute regulating appeals. A custom, however, has long prevailed in this court, sanctioned by at least two of its decisions (Wilson v. Jourdan, 79 Miss. 133, 29 So. 823; Webb Sumner Oil Mill v. Southern Coal Co., 129 Miss. 127, 91 So. 699), under which an appellee may take a cross-appeal without the execution of an appeal bond, by simply filing a cross-assignment of error, provided the entire record, or so much thereof as is necessary for the consideration of the cross-appeal, has been brought to this court by direct appeal. See, also, Feder, et al. v. Field, et al., 117 Ind. 386, 20 N. E. 129; San Pedro, L. A. & S. L. R. Company v. Board of Education of Salt Lake City, 35 Utah 13, 99 P. 263. The required conditions exist here, and it was not necessary for the appellee to give an appeal bond in order to prosecute a cross-appeal."

Apparently the earliest Mississippi case so holding is Wilson v. Jourdan, supra (1901), and to the same effect is Webb Sumner Oil Mill v. Southern Coal Co., supra (1922). Buckley v. United Gas Public Service Company, 176 Miss. 282, 168 So. 462 (1936), cited with approval the rule of Crawley v. Ivy, but refused to apply it to a codefendant against whom the direct appellant took no appeal. In accord with the Buckley case, and citing with approval the rule of Crawley v. Ivy, is Planters Lumber Company v. Plumbing Wholesale Company, 181 Miss. 782, 180 So. 793 (1938). Hence it was not necessary for the appellees and cross-appellants, defendants below, to file an appeal bond for their cross-appeal, where the direct appellants had already done so. And we see no reason, and movants cite no authorities, to make any distinction between cross-appeals from a final decree and from an interlocutory decree under Code Section 1148.

Moreover, movants failed to raise the propriety of the cross-appeal prior to the decision of the case on the merits, and for that reason alone are in no position to urge it now. But the cross-appeal was properly before the court, and cross-appellants obtained the relief which they sought. Accordingly all costs were properly taxed against the direct appellants and cross-appellees, and the motion to retax costs is overruled.

Motion of appellants and cross-appellees to retax costs overruled.

*McGehee, C. J.,* and *Lee, Holmes* and *Arrington, JJ.,* concur.