THE SOUTHLAND COMPANY, et al. *v.* McDONALD, et ux.

No. 39706          September 26, 1955          82 So. 2d 448

*Welch & Gibbes,* Laurel, for appellants.

*James D. Hester,* Laurel, for appellees.

LEE, J.

This is an appeal by the Southland Company, a joint venture, from a judgment of the Circuit Court of the Second Judicial District of Jones County, which awarded to Benjamin F. McDonald and wife the sum of $1,180 on account of the pollution of Boguehoma Creek and consequent damages to their land.

For a number of years, the defendant has operated an oil refinery in Jones County. The effluent from the

plant drained into a ditch which flowed into McGill's branch, and which, in turn, emptied into Boguehoma Creek, about a half mile away. Between sixty and eighty acres of the plaintiffs' land, situated below the confluence of McGill's branch and Boguehoma Creek and immediately south of the lands of Edwin R. Aaron, were subject to overflow from Boguehoma.

The plaintiffs sought to recover for a six-year period prior to August 22, 1953. They offered a number of witnesses to prove that, as early as 1947, there was some pollution of the stream; that, on two occasions in July or August 1949, and in February 1951, these watercourses were "pouring oil"; and that the pollution had continued even to within a few days of the trial of the case. The witnesses for the defendants admitted that crude oil, in large quantities, escaped from the pipeline at the refinery in February 1951, and that the waters of Boguehoma Creek were completely polluted at that time; but they denied that the pollution continued thereafter.

█ █ Without detailing the evidence in this case, it is sufficient to say that it, in effect, is practically identical with that which was offered in the two cases of Southland Company v. Aaron (Miss.) 72 So. 2d 161, and 80 So. 2d 823. The law of this case is therefore governed by the legal principles announced in those cases.

█ █ The peremptory instruction for the plaintiffs was properly given because the witnesses for the defendant admitted the pollution of the waters in February 1951. Obviously such pollution caused the plaintiffs some damage.

The proof for the plaintiffs showed that, following the escape of large quantities of oil in February 1951, their land between Boguehoma and Dry creeks, approximately sixty to eighty acres, was overflowed and was covered in spots with this substance, and was ruined as pasture land for which it had been previously utilized, and that it has been unfit for that or any other purpose ever since; that it was very fine pasture land, worth between five

and ten dollars an acre annually for that purpose, and that such value since has been reduced by one third; and that the continued pollution of the water supply endangered their cattle, nullified the remaining value, and made it necessary to open up other pasture land.

The instructions properly announced the measure of actual damages. Southland Company v. Aaron, 72 So. 2d 161.

Under the plaintiffs' proof that the pollution continued after notice by them and others to the defendant, the question of punitive damages was properly submitted to the jury, and it was warranted in awarding such damages. D. L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So. 2d 770, and Southland Co. v. Aaron, 80 So. 2d 823.

The court instructed the jury to find for the plaintiffs and against the defendants, ''as named in the declaration.'' The jury found for the plaintiffs against ''the defendants, The Southland Company.'' The judgment, as entered, was against the Southland Company and J. R. Cox, who was the company's superintendent, and was also a defendant. The appellant contends that the expression ''as named in the declaration'' confused the jury, and that the entry of a judgment against J. R. Cox was error. But Cox did not appeal. He is not a proper party before this Court; and the appellant is not entitled to complain of error as to him, if error it was. There was no confusion as to the Southland Company. It is a joint venture, composed of three individuals, and was the owner and operator of the refinery, whereas Cox was merely its employée. Besides, the appellees, in their brief, state that the judgment as to Cox was a mere clerical error, and they disclaim any interest therein.

The appellant also contends that the trial court erred in refusing to admit a certificate of the State Game and Fish Commission of date of March 13, 1947, to the effect that the Southland Company was then complying with the rules and regulations of the commission on

industrial waste effluent. The period here sued for was from August 22, 1947 to August 22, 1953, subsequent to the date of the certificate, and such certificate had no evidentiary value as to what occurred during the subsequent period. Compare Masonite Corporation v. Guy, (Miss.) 77 So. 2d 720. Consequently there was no error on the part of the court in this regard.

Inasmuch as the jury was warranted in awarding both actual and punitive damages, it cannot be said that the amount of the verdict was grossly excessive or that it evinces passion and prejudice. No reversible error appears in the record, and the judgment of the trial court is therefore affirmed.

Affirmed.

*McGehee, C.J.*, and *Hall, Kyle*, and *Holmes, JJ.*, concur.