## CLARK *v.* MAGEE

No. 40877 October 27, 1958 105 So. 2d 753

*Barnett, Jones & Montgomery*, Jackson; *W. W. Dent*, Collins, for appellant.

*McFarland & McFarland,* Bay Springs; *E. A. Turnage,* Monticello, for appellees.

Gillespie, J.

Mrs. Addie L. Magee and her afflicted son, Franklin E. Magee, filed suit against Mrs. Magee's daughter, Mrs. Linnie Magee Clark, for the cancellation of a deed. There was a decree for the complainants cancelling the deed and Mrs. Clark appealed to this Court.

The question is whether there was sufficient evidence to sustain the chancellor's finding that the deed was the result of undue influence.

■■ ■ We state the facts in the light most favorable to appellees, since the favorable decree resolved all conflicts in their favor.

Mrs. Magee acquired the 300 acres of land here involved about fifty years ago. Her husband died about forty years ago. There were six children left to the care of Mrs. Magee. Mrs. Clark, appellant, was the oldest. One child, appellee Franklin E. Magee, was afflicted and has never been able to work or care for himself. It was the deathbed request of Mr. Magee that Mrs. Magee take care of their afflicted son, and during all the years that followed she has faithfully cared for

Franklin. Mrs. Magee loved all her children alike except she felt closer to her afflicted son.

Since her husband's death, Mrs. Magee and her afflicted son lived on the 300 acres in question. Since she married many years before, Mrs. Clark kept some of her possessions at her mother's home and considered that to be her permanent home, although she was away with her husband most of the time. After the death of Mrs. Clark's husband in 1953, Mrs. Magee wanted Mrs. Clark to come and live at the old home. She wrote letters imploring Mrs. Clark to come home. Mrs. Magee was old and lonely and wanted Mrs. Clark to be there with her and the afflicted son. Mrs. Magee promised to deed "the home" to Mrs. Clark and her afflicted son if Mrs. Clark would come home and live with her.

In March 1954, Mrs. Clark went back home to live permanently with Mrs. Magee and her afflicted son. There was complete harmony between the three of them. Sometime in the month of July 1954, Mrs. Clark had a law firm in Mendenhall prepare a deed from Mrs. Magee to the 300 acres of land on which the home was situated, conveying it to Mrs. Clark and Franklin E. Magee, "as tenants by the entirety with the right of survivorship, and not tenants in common," and reserving a life estate to the grantor, Mrs. Magee, and providing that during her life the grantor could lease for oil and gas and receive all bonuses, rentals and royalties. This deed was never executed, and Mrs. Magee did not know of its preparation.

On August 28, 1954, Mrs. Clark drove her automobile to take Mrs. Magee to Mendenhall to purchase a gift. Nothing had been said by either of them about going to a lawyer's office to execute a deed. On the way, Mrs. Clark told Mrs. Magee that she had a deed to the home at the lawyer's office for her to sign. Mrs. Magee did not want to sign any deed, and so stated. Mrs. Clark told her mother that if she did not sign the deed she, Mrs. Clark, would leave home the next day and never return.

This upset Mrs. Magee, who was then 77 years old, blind in one eye and with poor eyesight in the other. She was also deaf, and while she could hear with a hearing aid, the batteries were low on that device. They went to the lawyer's office where Mrs. Clark and Mrs. Magee talked with the lawyer. After awhile a deed was read to Mrs. Magee but she could not hear, except that she understood it was a deed to Mrs. Clark and Franklin E. Magee to the home, not including all the land. Mrs. Magee could not read the deed herself because she did not have her reading glasses. She told the lawyer that if the paper was a deed to the home to Mrs. Clark and Franklin E. Magee she guessed it was all right. Mrs. Clark and Mrs. Magee then went to the chancery clerk's office where the latter executed the deed and placed it for record. Mrs. Magee was given a copy of a deed which she understood was the instrument the lawyer tried to read to her. Mrs. Clark paid no consideration for the deed.

About February 1957, Mrs. Magee's son, Bill Robert Magee, learned about the deed executed and filed on August 28, 1954. He secured a copy and advised Mrs. Magee and Franklin E. Magee of its contents. It was a deed in fee simple to Mrs. Clark, reserving to Mrs. Magee a life estate and the right to all oil and gas bonuses, rentals and royalties during her lifetime. It also contained the following provision:

"This conveyance is made subject to the following trust: That the grantee herein obligates herself to maintain a home for Franklin E. Magee, son of the grantor herein as long as he lives, and to provide said son with the necessities of life. This trust agreement is a part of the consideration of this conveyance."

Mrs. Magee then remembered the copy of the deed given her on August 28, 1954, which had been hidden under a rug for more than two years. It was a copy of the deed Mrs. Clark had caused to be prepared in July, 1954, the provisions of which have already been men-

tioned, and which was never executed. Ill feeling developed between Mrs. Clark on the one hand and Franklin E. Magee and Bill Robert Magee on the other. Mrs. Clark left her mother's home and this suit was filed.

There was proof that at the time of the execution of the deed on August 28, 1954, the 300 acres of land and mineral rights thereto were worth about $75,000.

 The question of undue influence is one of fact. Woodville v. Pizatti, 119 Miss. 442, 81 So. 127. Every kind of influence which one person may have on another is not, in the legal sense, undue influence. In order to set aside a deed on the ground of undue influence the evidence must show that the will of the grantor was so dominated that free agency was destroyed and the deed became the deed of the person exerting the influence. Sanders v. Sanders, 126 Miss. 610, 89 So. 261.

 The influence exerted, whether by means of advice, arguments, persuasions, solicitations, suggestion, or entreaty, to constitute undue influence, must be so importunate and persistent, or otherwise so operate, as to subdue and subordinate the will and take away its free agency. Wherry v. Latimer, 103 Miss. 524, 60 So. 563. And it is the end accomplished which colors the influence exerted and entitles a court to speak of it as wrongful, fraudulent, or undue, on the one hand, and as proper and justifiable on the other. Morris v. Morris, et al., 192 Miss. 518, 6 So. 2d 311.

 The authorities reveal that the controlling legal principles in respect to undue influence have evolved out of a great variety of factual situations both as to the methods and means employed in exerting the influence and the ends accomplished. The hard facts in nearly every case are colored by more or less tenous ones affecting the susceptibility of the grantor to influence, such as age, mental and emotional factors, relationships, and others. Consequently, the controlling legal principles are broad and general and the question of what consti-

tutes proof of undue influence sufficient to set aside a deed depends largely upon the facts and circumstances of the particular case.

The chancellor found that at the time of the execution of the deed in question, Mrs. Clark was "the master of the situation and that the defendant's (Mrs. Clark's) own judgment was interposed into the deed rather than the judgment of the complainant (Mrs. Magee)." He found as a fact that the deed was obtained by undue influence.

We are unable to say that the chancellor was not justified in finding that Mrs. Clark took advantage of all the circumstances, including her mother's age and physical condition, the desire of her mother to please Mrs. Clark in order to have Mrs. Clark live with her, the desire of Mrs. Magee to provide for her afflicted son, and the haste attending the execution of the deed, and obtained a deed from Mrs. Magee that did not represent the will of the grantor, but the will of the grantee, Mrs. Clark. Nor can we say that the end accomplished by the influence so exerted by Mrs. Clark was natural or just. See Morris v. Morris, supra. The deed vested title in Mrs. Clark in fee simple subject to the life estate of the grantor and the provisions for the care of Franklin E. Magee. Without regard to whether the deed made effective provisions for Franklin, the fact remains that the other children of the grantor were excluded.

The sum paid into the registry of the court to reimburse Mrs. Clark for improvements made on the property involved should be paid over to Mrs. Clark.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.