DUCKWORTH *v.* ALLIS-CHALMERS MANUFACTURING COMPANY

No. 42453          February 25, 1963          150 So. 2d 163

*Pyles & Tucker,* Jackson, for appellant and cross-appellee.

*Wells, Thomas & Wells, W. C. Wells, Jr., Roland D. Marble,* Jackson, for appellee and cross-appellant.

III.   Appellee's brief in support of its cross-appeal against appellant.

ETHRIDGE, J.

Allis-Chálmers Manufacturing Company brought this action in the Chancery Court, First Judicial District of Hinds County, against R. L. Duckworth, Southern Equipment Sales, Inc., and others. It was based on a promissory note executed July 15, 1960 by Southern Equipment to Allis-Chalmers as payee, in the amount of $170,000.

In addition, R. L. Duckworth, president· of Southern Equipment and owner of one-half of its stock, executed at the same time and on the same document an unconditional guaranty of payment "as primary obligor." Southern Equipment made several installment payments on this note, and then defaulted. After a lengthy hearing, the chancery court rendered a decree in favor of Allis-Chalmers against Southern Equipment and R. L. Duckworth, individually on his guaranty, for the balance due on the note, $103,250.00.

■■ *FIRST*. Duckworth alone appealed from that decree. As a defense his counsel relies on the doctrine of business compulsion or economic duress. It is argued that, at the time the note and guaranty were executed, appellant was physically, mentally and legally incompetent to execute them, his acts in so doing were not of his own free will and violation, and he was not then able to know and appreciate the nature of his acts. Duckworth did not testify. The chancery court found he was fully competent to execute the note and the guaranty, and no economic duress or business compulsion, of a nature to invalidate the transaction, was practiced on him by the complainant. Those findings are amply supported by the evidence.

■■ Duress and compulsion go to the question of reality of consent to a contract. The ultimate fact for determination is whether the complaining party was deprived of free exercise of his own will. The conduct of the dominant party must have been such as to override the volition of the victim. 17 C. J. S., Contracts, sec. 168(b); Wherry v. Latimer, 103 Miss. 524, 60 So. 563, 642 (1913); Clark v. Magee, 234 Miss. 252, 105 So. 2d 753 (1958); Cunningham v. Lockett, 216 Miss. 879, 63 So. 2d 401 (1953). It is not sufficient that one party insisted upon a legal right and the other party yielded to such insistence. It cannot be predicated upon a demand which is lawful, or upon doing or threatening to

do that which a party has a legal right to do. 17A Am. Jur., Duress and Undue Influence, sec. 7; 17 C. J. S., Contracts, sec. 177, p. 536; 5 Williston, Contracts (rev. ed. 1937), sec. 1618; Anno., 79 A. L. R. 655 (1932).

In the instant case, Southern Equipment had sold heavy machinery, and had not paid Allis-Chalmers for it after sale, although the dealer's agreement and other contracts so provided. The agents of Allis-Chalmers therefore insisted upon Southern Equipment executing the note in question, and upon Duckworth as president and owner of one-half of its stock executing an individual guaranty of the note. Under the circumstances, the doctrine of economic duress does not affect the validity of the note and guaranty. On this issue and that of mental competency, the findings of the trial court are supported by substantial evidence.

██ █ There was sufficient consideration to support Duckworth's personal guaranty of the note. Upon sale of the equipment, Southern Equipment owed Allis-Chalmers its cost. When the note and guaranty were executed, Southern Equipment owed this money to Allis-Chalmers, which, as the creditor, agreed to extend the time of payment on the debt, and, by necessary inference, during such time to forbear to sue on it, or otherwise seek to collect it. That is a sufficient consideration for a guaranty of payment by a third person, namely, Duckworth, president and managing officer of Southern Equipment. 38 C.J.S., Guaranty, sec. 26d. ██ █ Moreover, where the principal contract and the contract of guaranty form parts of the same transaction, one consideration is sufficient for both contracts, and there need not be any other consideration than that moving between the guarantor and principal obligor under the principal contract. McConnon & Company v. Prine, 128 Miss. 192, 90 So. 730 (1922); Wren v. Pearce, 4 S & M 91, 12 Miss. 91 (1845); 38 C. J. S., Guaranty, Sec. 26b; Anno., Forbearance as Sufficient Consideration for

Guaranty, 78 A. L. R. 2d 1414 (1961); 24 Am. Jur., Guaranty, secs. 52, 53.

*SECOND.* This point involves a cross-appeal. The bill of complaint by Allis-Chalmers named, as defendants, others than R. L. Duckworth and Southern Equipment Sales, Inc. These additional defendants were D. W. Duckworth, brother of R. L. Duckworth, and Mrs. Mary Dell Duckworth Gardner and B. T. Duckworth, his daughter and son. The bill charged that on December 5, 1960 R. L. Duckworth and wife filed suit in the chancery court against Southern Equipment, alleging the company was insolvent and asking for appointment of a receiver. It was later dismissed at their request without prejudice.

The bill averred that on December 7, 1960 R. L. Duckworth and wife conveyed to their son and to their daughter, respectively, certain real property in Hinds County, and by deed dated November 18 and filed for record December 12, to his brother, D. W. Duckworth, certain land in Covington County; these conveyances were made to hinder, delay and defraud creditors; if a decree for the balance due on the note should not be paid within a reasonable time, the court should impose a lien on the collateral, assignments of accounts receivable and stock in Southern Equipment owned by R. L. Duckworth; if the sale of that collateral should not bring a sufficient amount to pay the debt, then complainant was entitled to have these conveyances declared fraudulent and void, and a lien impressed on them for payment of the debt represented by the note and guaranty.

The final decree rendered judgment for Allis-Chalmers against R. L. Duckworth and Southern Equipment, for the balance due on the note; and impressed a lien on the collateral. It dismissed the bill with prejudice as against the three other defendants, the son, daughter and brother of R. L. Duckworth, and held these con-

veyances were not made for the purpose of defrauding creditors, but were made for valuable considerations.

From that decree only R. L. Duckworth took a direct appeal, without supersedeas. His $500 appeal bond named as its obligee only Allis-Chalmers, the appellee, and made as its condition that the bond would pay all costs, if the decree were affirmed. Since the decree was in favor of D. W. and B. T. Duckworth and Mrs. Gardner, the suit having been dismissed as to them, they of course did not appeal. Moreover, they had no right to appeal, since they were not opposite parties to R. L. Duckworth, were not aggrieved by the decree, and had been dismissed from the suit. Miss. Code 1942, Rec., sec. 1147, 1162; Barrett v. Carter, 69 Miss. 593, 13 So. 625 (1891); Davis v. Shemper, 210 Miss. 201, 49 So. 2d 253, 255, 50 So. 2d 143 (1951); 4 C. J. S., Appeal and Error, sec. 183.

■■ This case was originally set for hearing on November 5, 1962. On October 4 Allis-Chalmers attempted to file a cross-appeal and cross-assignment of errors, without making an appeal bond, assigning as errors the actions of the chancery court in dismissing the bill as to the three dismissed defendants, grantees of the alleged fraudulent conveyances. The clerk of this Court issued summons to D. W. and B. T. Duckworth and Mrs. Gardner, under Miss. Code 1942, Rec., sec. 1156, to join in the appeal if they so desired. The case was reset and submitted on February 11, 1963. They did not and could not elect to join in the appeal, since they were not aggrieved by it. On the contrary, they have filed herein a plea in bar of the attempted cross-appeal by Allis-Chalmers. R. L. Duckworth moved to dismiss the cross-appeal. We have concluded that both the plea in bar and the motion to dismiss the cross-appeal should be sustained.

■■ Code sec. 1156 provides that, if any one or more of the parties to a judgment or decree desire to appeal,

they may do so, but there must be a summons issued to such as do not join to "unite in the appeal," and, if they fail to do so, they shall not afterward have the right of appeal. Sec. 1158 provides that the parties summoned to join in the appeal must, if they desire to join, give bond with sureties, "as if they had appealed in the first instance." The purpose of these statutes was to prevent the splitting of appeals. Hartford Accident and Ind. Co. v. Nelson Mfg. Co., 167 Miss. 63, 146 So. 889 (1933); Tardy v. Rosenstock, 118 Miss. 720, 80 So. 1 (1918). Secs. 1156 and 1158 do not affect the present issue, but emphasize that parties summoned to join in the appeal, even if aggrieved by the decree, must themselves make an appeal bond.

■■ There are no statutes or rules of this Court providing for cross-appeals. However, by long continued custom and practice, an appellee may take a cross-appeal against the direct appellant without the execution of an appeal bond, by simply filing a cross-assignment of errors, provided the entire record, or so much of it as is necessary for consideration of the cross-appeal, has been brought to this Court by the direct appeal. A cross-assignment of errors may be filed when appellee's brief is due. Crawley v. Ivy, 149 Miss. 764, 116 So. 90 (1928); Walter Fisher Co. v. I. Lowenberg & Co., 149 Miss. 761, 116 So. 91 (1928); Planters Lbr. Co. v. Plumbing Wholesale Co., 181 Miss. 782, 180 So. 793 (1938); Alexander v. Mayor and Board of Aldermen of City of Natchez, 220 Miss. 207, 70 So. 2d 529 (1954); Anderson v. Laurel Oil & Fertilizer Co., 228 Miss. 95, 103, 87 So. 2d 556 (1956); Rivers Construction Co. v. Dubose, 241 Miss. 527, 539, 130 So. 2d 867 (1961).

Alexander v. Mayor and Board of Aldermen of City of Natchez, *supra* (220 Miss. at 210), allowed a cross-appeal against a direct appellant, but, analyzing the cases, stated:

"Buckley v. United Gas Public Service Company, 176 Miss. 282, 168 So. 462 (1936), cited with approval the rule of Crawley v. Ivy, *but refused to apply it to a co-defendant against whom the direct appellant took no appeal.* In accord with the Buckley case, and citing with approval the rule of Crawley v. Ivy, is Planters Lumber Company v. Plumbing Wholesale Company, 181 Miss. 782, 180 So. 793 (1938). Hence it was not necessary for the appellees and cross-appellants, defendants below, to file an appeal bond for their cross-appeal, *where the direct appellants had already done so.*"

In Buckley v. United Gas Public Co., 176 Miss. 282, 168 So. 462 (1936), Buckley sued the gas company and its employee Stegall. A verdict was rendered in favor of the company, but against Stegall. Buckley appealed as to the employer company, but made no mention in the appeal bond as to an appeal against the other defendant, Stegall, against whom judgment was recovered. Stegall attempted a cross-appeal by filing simply a cross-assignment of errors, but gave no bond. This could not be done. It was said *Crawley* recognized that "a party who is actually an appellee, that is to say, one against whom and by name an appeal has actually been taken, may prosecute a cross-appeal by filing a cross-assignment of errors without bond." However, those cases do not apply to a party defendant against whom an adverse judgment has been rendered, and do not authorize him to cross-appeal without bond, "when the direct appeal has been taken only as against another defendant." An appeal may be taken against one party without joining the other, and "in such case the latter in order to secure a review must file an approved appeal bond." To the same effect is Culpepper v. Holmes, 170 Miss. 235, 154 So. 726 (1934).

In Burt v. Roberts, 212 Miss. 576, 580, 55 So. 2d 164 (1951), Burt, doing business as Burt Plumbing Company, brought an attachment in chancery against Rob-

erts, resident·defendant, and Johnson, non-resident defendant, for damages in an automobile collision. Decree was rendered in favor of Roberts for attorneys' fees and loss of time for alleged wrongful suing out of the writ, and against the non-resident defendant, Johnson. Burt filed an appeal bond and took a direct appeal against Roberts only. Johnson filed no bond, but attempted to cross-appeal without it. It was held he had no appeal properly before the Court, that the controversy on Burt's appeal was between him and Roberts. Burt's direct .appeal involved only Roberts, not Johnson. If Johnson wanted to appeal, he should have made an appeal bond and taken a direct appeal.

Southland Company v. McDonald, 225 Miss. 19, 23, 82 So. 2d 448 (1955), involved a suit by McDonald against Southland Company and Cox, its agent. Judgment was rendered against both the company and Cox. The company took a direct appeal and filed an appeal bond. Cox did not appeal. The company argued that entry of a judgment against Cox was error, but the reply was that he was not.a proper party before the Court, since he did not appeal.

In Junkins v. Brown, 238 Miss. 142, 150-151, 117 So. 2d 712 (1960), the Browns sued Junkins and Cruthirds as joint tort-feasors. The circuit court directed a verdict for defendant Cruthirds, and entered a judgment against defendant Junkins. Junkins took a direct appeal, naming in the appeal bond the Browns as appellees. He did not appeal as to Cruthirds. Hence he could not complain of the trial court's granting a peremptory instruction for Cruthirds. See also Griffith, Miss. Chancery Practice, (1950), secs. 688, 689; 4 C. J. S., Appeal and Error, sec. 35, p. 141.

██ █ A creditor may combine in one action suits on the debt and to set aside fraudulent conveyances. Miss. Code 1942 Rec., sec. 1327; Griffith, Miss. Chancery Practice, sec. 500. ██ █ The grantees are not necessary

parties to a suit on the debt, nor is the debtor a necessary party to an action against the grantees to cancel his conveyances. Taylor v. Webb, 54 Miss. 36 (1876). The interests and liabilities of these two groups of defendants are separate and distinct, as in the present case.

These precedents reveal an established practice in this Court with reference to cross-appeals, and their limitations. It may be summarized in this way: An appellee, against whom a direct appeal with bond is taken, may file a cross-appeal without the execution of an appeal bond, by filing a cross-assignment of errors, if the record is sufficient for consideration of the cross-appeal. The cross-appeal must be by one who occupies the status of an appellee in the main appeal, against parties who are before the court on the main appeal. That is determined by ascertaining the obligees in the direct appellant's bond. Where a cross-appeal is sought to be taken against parties who are not before the court on the main or direct appeal, it is necessary that the cross-appellant file within the statutory period of ninety days an appeal bond, which would include the parties who are not before the court on the direct appeal. See 4 C. J. S., Appeal and Error, sec. 35, p. 41.

The appellee does not have the right to introduce new parties to the appeal before this Court, without making an appeal bond as to such parties who do not come before the Court on direct appeal. The decree of the trial court as to the latter is separable and independent from the decree as between the direct appellant and his appellee, Allis-Chalmers.

These principles apply to the instant case. Since Allis-Chalmers failed to make an appeal bond and take an appeal as to the dismissed defendants, it had no right to cross-appeal as to them. They were not parties to R. L. Duckworth's direct appeal. Hence the motion

to dismiss the cross-appeal and the plea in bar as to it are both sustained.

On direct appeal affirmed; cross-appeal dismissed.

*Lee, P. J., and McElroy, Rodgers, & Jones, JJ.,* concur.