## WEBB SUMNER OIL MILL v. SOUTHERN COAL CO.

[91 South. 699. No. 22045.]

1. APPEAL AND ERROR. *Appellee may file cross-assignment.*

    An appellee has a right to file a cross-assignment of error.

2. APPEAL AND ERROR. *Mere confession of error does not necessitate reversal of judgment or decree.*

    The mere confession of error does not necessitate the reversal of the judgment or decree appealed from. If no error was in fact committed, or, if committed, was such as cannot be complained of by either the appellant or the appellee, the judgment or decree appealed from should be affirmed, even though error therein be confessed.

APPEAL from chancery court of Tallahatchie county.

HON. G. E. WILLIAMS, Chancellor.

Suit by the Webb Sumner Oil Mill against the Southern Coal Company. From a decree dismissing the bill of complaint, the complainant appeals. Affirmed.

See, also, 90 So. 104.

*May, Sanders & McLaurn* and *Hays, Stinglly & Whitten,* for appellant.

*Green & Green* and *J. W. Cutrer,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an attachment in chancery in which the appellant, a domestic corporation, is the complainant, and the appellee, a foreign corporation, is the defendant. The appellee sought by the procedure appropriate for so doing to remove the cause to the federal court, but was not permitted by the court below so to do. The appellee then answered the bill of complaint, and the cause proceeded to trial, which resulted in a decree dismissing the bill of complaint, from which the complainant has appealed to this court.

After the record reached this court the appellee, as it had the right to do, filed a cross-assignment of error, in which complaint is made of the refusal of the court below to transfer the cause to the federal court. This assignment of error was formally confessed by the appellant and cross-appellee. The cause came on to be heard in this court on a former day of the present term, and the decree of the court below was affirmed on both direct and cross-appeal. By an error the judgment of affirmance recited that the appellee had, by the court's permission, dismissed its cross-appeal, because of which recital the judgment was afterwards set aside and the cause remanded to the docket for further consideration on the cross-appeal and the right of the cross-appellant to dismiss its cross-appeal. The contention of the appellant and cross-appellee is that its confession of the cross-assignment of error necessitates the reversal of the decree of the court below, and that the appellee and cross-appellant is without the right to withdraw the assignment of error after it has been confessed.

The mere confession of error does not necessitate the reversal of the judgment or decree appealed from. *Sivley* v. *Sivley,* 96 Miss. 134, 50 So. 552. If no error was in fact committed, or, if committed, was such as cannot be complained of by either the appellant or the appellee, the judgment or decree appealed from should be affirmed, even though error therein be confessed, for it is to the interest of the public that there be an end to litigation. The appellant and cross-appellee cannot complain of the refusal of the court below to remove the cause to the federal court for the reason that it selected the court below as the forum for the trial of the cause, and induced the court by proper objection thereto to overrule the petition for removal. The appellee and cross-appellant cannot complain thereat because it was not harmed thereby; the trial having resulted in a decree in its favor.

*Affirmed.*