## CRAWLEY *v.* IVY.*

(In Banc.   March 12, 1928.)

[116 So. 90.   No. 26965.]

1. APPEAL AND ERROR.   *Cross-appeal may be taken by execution of bond therefor under statute regulating appeals.*

   Cross-appeal, though not specifically provided for by statute, may be taken by the execution of a bond therefor under the statute regulating appeals.

2. APPEAL AND ERROR.   *Appellee need not give appeal bond to prosecute cross-appeal, where entire record was brought up by direct appeal.*

   Where entire record or so much thereof as was necessary for consideration of cross-appeal was brought to supreme court by direct appeal, it was not necessary that appellee give an appeal bond in order to prosecute a cross-appeal.

3. APPEAL AND ERROR.   *Law limiting time for direct appeal has no bearing on time for filing assignment of error (Hemingway's Code 1927, section 2650; supreme court rule 6).*

   Laws 1926, chapter 153 (Hemingway's Code 1927, section 2650), limiting the time within which an appeal to supreme court can be taken, has no bearing on time within which an assignment of error may be filed after record has been transferred to supreme court, the filing of such assignments of error being regulated by supreme court rule 6.

4. APPEAL AND ERROR.   *Neither appellant nor appellee, not complying with rule for filing assignments of error, can complain of other therefor (supreme court rule 6).*

   Where neither appellant nor appellee complied with requirement of supreme court rule 6 relative to filing of assignments of error on or before return day, neither can complain of the other therefor.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 352, n. 43; p. 1115, n. 19; p. 1395, n. 30; p. 1406, n. 90; Findings of master supported by competent evidence not disturbed on appeal, see 2 R. C. L. 211; 1 R. C. L. Supp. 448; 4 R. C. L. Supp. 93; 7 R. C. L. Supp. 1374.

APPEAL from chancery court of Marshall county.

HON. N. R. SLEDGE, Chancellor.

Action by J. W. Ivy against Gus Crawley. Decree for plaintiff, defendant appeals, and plaintiff filed a cross-assignment of error. On motion to dismiss the cross-appeal. Motion overruled.

*Wall Doxey* and *Hindman Doxey,* for appellant.

*Lester G. Fant,* for appellee.

SMITH, C. J. The appellee sued the appellant in the court below on a debt alleged to be due him, and obtained a decree, but for less than the amount for which he sued. The appellant brought the case to this court. After the expiration of the time within which an appeal to this court can be taken, the appellee filed an appeal bond with the clerk of the court below, and also filed a cross-assignment of error. The appellant filed a motion to dismiss the appellee's cross-appeal; the ground thereof being that it appears from the record that the bond therefor was not given until the time allowed for taking an appeal had expired.

Our statutes do not specifically provide for a cross-appeal; but such an appeal may, of course, be taken by the execution of a bond therefor under the statute regulating appeals. A custom, however, has long prevailed in this court, sanctioned by at least two of its decisions (*Wilson* v. *Jourdan,* 79 Miss. 133, 29 So. 823; *Webb Sumner Oil Mill* v. *Southern Coal Co.,* 129 Miss. 127, 91 So. 699), under which an appellee may take a cross-appeal without the execution of an appeal bond, by simply filing a cross-assignment of error, provided the entire record, or so much thereof as is necessary for the consideration of the cross-appeal, has been brought to this court by direct appeal. See, also, *Feder et al.* v. *Field et al.,* 117 Ind. 386, 20 N. E. 129; *San Pedro, L. A. & S. L. R. Co.* v.

*Board of Education of Salt Lake City,* 35 Utah, 13, 99 P. 263. The required conditions exist here, and it was not necessary for the appellee to give an appeal bond in order to prosecute a cross-appeal.

Chapter 153, Laws of 1926 (Hemingway's 1927 Code, section 2650), which limits the time within which an appeal to this court can be taken, has no bearing on the time within which an assignment of error may be filed after the record in a case has been transferred to this court; the filing of assignments of error being regulated by rule 6 of this court. 104 Miss. 904, 72 So. VI. Neither the appellant nor the appellee complied with the requirement of this rule that an assignment of error must be filed on or before the return day; consequently, neither can complain of the other therefor.

*Overruled.*