BAGGETT, et al. *v.* "M" SYSTEM TRAILER Co., et al.

No. 40153          April 23, 1956          86 So. 2d 874

*Ramsey & Ramsey*, Vicksburg, for appellants.

694

696

*Dent, Ward & Martin,* Vicksburg, for appellees.

HALL, J.

On March 3, 1953, Thomas Henry Baggett, while in the employ of "M" System Trailer Company, was pushing a board through a circular saw when he accidently cut the second and third fingers of his left hand. He was sent to a doctor and the wounds were sutured. An infection developed and finally the attending physician deemed it necessary to perform a nerve block. While doing this Mr. Baggett's left lung was punctured and was caused to collapse and, as a result, he became totally and permanently disabled. A claim for compensation was filed and was allowed by the attorney-referee. On appeal to the full Commission the award of the attorney-referee was affirmed. No further appeal was taken and a lump sum settlement was made with Mr. Baggett for the allowance of total and permanent disability.

In due course after the settlement was effected, Mr. Baggett filed an additional claim for fifty weeks permanent partial disability for the loss of the use of the second and third fingers. On the hearing it was shown that these fingers are stiff and that his hand would be in better condition for the resumption of his occupation

as a capenter, if the two fingers were amputated, though he was still, by reason of his general physical condition, unable to resume his occupation. The attorney-referee disallowed the second claim, and his action was affirmed by the Commission and also by the circuit court.

While the matter was pending Mr. Baggett died from causes which have no connection with his injury, and the appeal is prosecuted here by his widow and dependent son.

The appellants contend that after having drawn benefits for total and permanent disability in the maximum amount, they are also entitled to permanent partial disability for the loss of the use of the two fingers. Stated differently, the appellants contend that the benefits under our compensation law should be applied consecutively. ██ ██ In certain instances, which are not at all applicable here, we have so held, but in this case we are of the opinion that since the entire disability in this case stems from and originated as the result of a single accident, the allowance of total and permanent disability is all inclusive and covers all minor disabilities which may have resulted from the accident. The case of Armstrong Cork Co. v. Sheppard, 222 Miss. 359, 76 So. 2d 225, supports our position and the judgment appealed from will be affirmed.

Affirmed.

*McGehee, C. J., Kyle, Holmes* and *Gillespie, JJ.,* concur.