RIVERS CONSTRUCTION COMPANY et al. *v.* DUBOSE

No. 41902 June 5, 1961 130 So. 2d 865

528

June 5, 1961 130 So. 2d 867

*Rae Bryant,* Gulfport, for appellants.

*Morse & Morse,* Poplarville, for appellee.

Rodgers, J.

On the 26th day of September 1958, in Lamar County, Mississippi, David Dubose, the appellee and cross-appellant, suffered an injury arising out of and in the course of his employment, which resulted in a hernia. The employer and insurance carrier furnished medical services. The employee was operated upon and his hernia repaired. He was paid workman's compensation for 22 weeks and 3 days. David Dubose claimed before the attorney-referee, the Workmen's Compensation Commission and the Circuit Court that the trauma that caused his rupture and hernia also injured the epididymis or genito-femoral nerve, which resulted in his impotency, and rendered him temporarily totally disabled to do any work because of the excruciating pain generated by the injured nerve.

The employee filed a petition with the Mississippi Workmen's Compensation Commission asking the Commission to adjudicate his rights for compensation benefits in addition to the hernia award growing out of the same injury appellee received while working in the scope of his employment. Defendants, the appellants here, filed a motion to limit appellee's recovery to 26 weeks of compensation benefits and Two Hundred

Fifty Dollars ($250.00) under Section 8, paragraph (f), Miss. Workmen's Compensation Law (Section 6998-12, Miss. Code 1942 Rec.) The attorney-referee entered an order sustaining the motion to limit claimant's benefits, but did not make a finding of fact in his opinion and order. The case was appealed to the Workmen's Compensation Commission, and the Commission affirmed the order of the attorney-referee without entering a finding of fact. The case was then appealed to the Circuit Court of Lamar County, and the Circuit Judge found ''That the full commission erred in limiting the amount of compensation to which claimant was entitled to 26 weeks. That claimant's present disability is not due to hernia but to neuritis, epididymis and varicocele.'' The circuit judge then entered an order reversing the order of the Workmen's Compensation Commission, and entered an order finding for the claimant in the sum of $25.00 per week ''until a further order be made changing rate of duration, or until compensation is paid in the sum of $8,600.00 or for 450 weeks whichever is the lesser sum.'' The appellants have appealed to this Court, and the appellee has cross-appealed.

The emloyer and insurance carrier filed a motion before the attorney-referee in answer to the petition of the employee David Dubose, in which defendants alleged that the claim of the petitioner was limited by Section 8, paragraph (f) to a hernia award of 26 weeks disability and $250.00 medical. The attorney-referee, and the Workmen's Compensation Commission sustained this motion and entered an order stating: ''It is further ordered that the claim for benefits by David Dubose, against the defendants herein for additional benefits other than those set out above be and the same are hereby denied.'' The award in this case therefore denied additional benefits, and it is apparent to us in this case that there is substantial evidence on which the Workmen's Compensation Commission could base its findings denying the

employee's claim that there was additional disability other than the injury of the hernia. The appellee David Dubose has suffered considerably, but the burden of proof is upon the petitioner to show that his suffering and disability was an additional disability to his hernia injury and that it had spread to other parts of the body and produced a greater and more prolonged incapacity than the hernia injury. The doctors for defendant testified they could find nothing to account for the complaints of appellant, and that he was able to work. Employee's own doctor testified employee was 30% disabled, but stated his trouble to be neuritis. Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221; Estate of Stovall v. Deweese Lbr. Co., 222 Miss. 833, 77 So. 2d 291; T. H. Mastin & Co. v. Mangum, 215 Miss. 454, 61 So. 2d 298; Capital Broadcasting Co. v. Wilkerson, (Miss. 1961) 126 So. 2d 242. The cases cited by employee to the effect that a fact finding commission cannot arbitrarily disregard undisputed evidence are inapplicable here because it is obvious the attorney-referee's order (which was affirmed by the Commission) does not indicate a disbelief that appellee was disabled at the time of the trial, but rather shows that his disability resulted solely from the effects of the hernia, and not from an additional injury as a result of the trauma.

The motion of the employer and defendant carrier, asking the attorney-referee to limit the employee's recovery to the benefits set out under the hernia statute (Section 6998-12, Miss. Code 1942) sufficiently defined the issue in this case to confine the award to the hernia injury of the employee David Dubose, and the order of the attorney-referee and the order of the Workmen's Compensation Commission expressly limited his recovery to the hernia injury.

In the case of Jobe v. Capitol Products Corp., (Ark. 1959) 320 S. W. 2d 634, the Supreme Court of Arkan-

sas held in a case involving a similar statute, that where a hernia on the left side healed causing no difficulty, although a more severe hernia on the right side, after healing continued to cause such difficulty as a result of a weakened fascia, and employee was permanently disabled and could no longer do heavy work, the employee could not recover additional award, since the weakened fascia and suffering was a result of a hernia. The court also pointed out that the statute does not provide additional benefits because a particular injury in that category happens to be more severe than the usual injury. We can agree there could be cases where multiple injuries could require temporary total disability awards in hernia cases, if the injury spread to other parts of the body and produces a greater or more prolonged incapacity than that which would naturally result from a hernia, and we are not here restricting the payment of disability compensation in multiple injury cases so as to include them in specific injuries.

The rule is well established that where an employee has received a specific injury which spreads to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the injured member, the employee is not limited to a recovery of the special allowance provided for in case of injury to a specific member or members, but may recover under the act, for compensation in case of disability. See 156 A. L. R. 1344. Bluebird Mining Co. v. Kelly, 237 S. W. 2d 530; Di Fiore v. U. S. Rubber Co., 79 A. 2d 925; Valente v. Bourne Mills, 75 A. 2d 191; Blackfoot Coal & Land Corp. v. Cooper, 95 N. E. 2d 639; 58 Am. Jur., Workmen's Compensation, Secs. 293, 294, 295, pp. 786-787. This is true largely because the right to an award of compensation is based upon the loss of the workman's earning capacity as a result of the loss of the

use of members of the body. 58 Am. Jur., Workmen's Compensation, Sec. 281, p. 777. ■■ This Court has recognized that an employee may sustain multiple injuries in one accident and various parts of the body may be affected as the result of a single trauma. Guess v. Southeastern Utilities Service, 226 Miss. 637, 85 So. 2d 173; Baggett v. "M" System Trailer Co., 227 Miss. 691, 86 So. 2d 874. ■■ The existence of disability or incapacity is ordinarily a question of fact to be established by evidence, and the cause of an injury or disablement, and the extent thereof, ordinarily involve questions of fact to be established by proof. 58 Am. Jur., Workmen's Compensation, Sec. 461, p. 872. ■■ The finding of facts by the trier of fact, the Workmen's Compensation Commission, either in allowing or denying compensation claim, must be supported by substantial evidence. Freeman v. Miss. Power & Light Co., 230 Miss. 396, 92 So. 2d 658; Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 48 So. 2d 148.

■■ The employee David Dubose cross-appealed in order to bring to the attention of the Circuit Court and this Court that the fact finding commission had made no adjudication of facts in the case at bar. The question presented to the attorney-referee and to the Commission as to whether or not the employee David Dubose suffered an injury to the genitofemoral or epididymis nerve at the same time he received his hernia injury, and if so whether or not this injury resulted in additional disability, so as to entitle the employee to temporary total disability compensation, was not directly answered by a finding of fact by the Workmen's Compensation Commission. The great weight of authority holds it to be better form for a fact finding administrative agency or commission to make a finding of facts on which to base an award or reject a claim. See Beaumont S. L. & W. Ry. Co., v. United States, 282 U. S. 74; United

States v. Chicago, M. St. P. & P. R. Co., 294 U. S. 499, 146 A. L. R. anno. 156.

This Court has repeatedly held that the Workmen's Compensation Commission is a fact finding agency and where there is substantial evidence to support the finding of the Commission as to the facts, this Court will respect its order and affirm its finding. See Lloyd Ford Co. v. Tommy J. Price, (Miss. 1961), 126 So. 2d 529; Capital Broadcasting Co. v. Wilkerson, (Miss. 1961), 126 So. 2d 242. It is difficult for the appellate court to determine whether there is substantial evidence to sustain a finding of fact in cases where no finding of fact has been made by the Commission in its order. Sections 6998-24, 6998-28, Miss. Code 1942 Rec., do not however require formal procedure nor formal orders and although the Commission has been of great aid to this Court by submitting a finding of fact in its orders and this method is approved by the great weight of authority, nevertheless, the failure to so do is not fatal to the validity of the order. 58 Am. Jur., Workmen's Compensation, Sec. 479, p. 880. The text writer points out the rule in Section 476, ibid., as follows: "* * * A lack of the requisite findings of fact is usually not considered to be a fatal defect where it appears affirmatively, from the circumstances of the particular case, that the only defect was in the compensation tribunal's failure to recite expressly the facts found, but that otherwise it proceeded upon a correct theory of law, or where it is manifest that the omission does not impede the exercise of the proper functions of the reviewing court."

We have carefully examined this record in the light of employee's argument that he received multiple injuries at the time he received his hernia, and it is evident that employee-claimant has suffered considerable pain, but pain alone is not compensable. The text writer points out: "It is generally held that, in the absence of express provision therefor, no compensation can be

recovered for mere physical pain or suffering.'' 58 Am. Jur., Workman's Compensation, Sec. 292, p. 785. In Hustus' Case, (1924) 123 A. 514, the Supreme Court of Maine said: ''A workman is incapacitated within the act when he has lost his earning power in whole or in part. This is the only test. The law provides no compensation for pain and none for physical impairment, except when it is of such character as to raise a presumption of incapacity to earn. 'The object of this legislation broadly stated is to compensate for loss of capacity to earn.' '' See 86 A. L. R. 563.

In the case of Reyer v. Pearl River Tung Co., et al, 219 Miss. 211, 68 So. 2d 442 this Court examined the problem of pain. This is a case where a woman employee received compensable injuries to her back and side. The injury was established by the pain, and the court said: ''The inability of doctors to put their fingers on the exact physical cause should not result in casting the claim overboard. With all the knowledge now possessed by the great medical profession, it is a matter of common knowledge that sometimes the diagnosis of human ailments baffles the greatest medical minds.'' In the case now before the Court, however it is evident from the testimony that the pain to the nerve is a part of the hernia injury, and has not spread to other parts of the body, so as to cause a multiple injury. It is obvious that every specific or listed injury at the same time will incur some injury and pain to a nerve within the area of the specific injury; therefore unless the testimony is sufficient to establish that the injury spreads to other parts of the body, the mere fact that there is prolonged and sever pain experienced in the area of the specific injury, the evidence of pain alone will not be sufficient to establish additional or multiple injury.

The Commission based its finding upon the theory that under the law a hernia includes all injuries in the same area of the hernia injury, and this is not

correct, but in the case at bar the testimony does not establish an additional injury; therefore the order of the Commission reached the right result, and the order of the Circuit Court overruling the order of the Commission is erroneous and is hereby reversed. The order of the Circuit Court is reversed, and the previous order of the Workmen's Compensation Commission is hereby reinstated.

Reversed and order of Workmen's Compensation Commission is reinstated.

*McGehee, C.J.,* and *Arrington, Ethridge,* and *Jones, JJ.,* concur.

## ON MOTION TO DISMISS CROSS-APPEAL

The appellants, Rivers Construction Company and Standard Accident Insurance Company, filed a motion to dismiss the cross-appeal of David Dubose, on the ground that the cross-appeal was filed on the 4th day of May 1961, and that Rule No. 6 of the Rules of the Supreme Court requires that an assignment of error must be filed at least 30 days before the date when a case is set for hearing, and that this case was set for hearing on the 15th day of May 1961.

The movant asserts that Section 753, Miss. Code 1942, requires that appeals to the Supreme Court shall be taken within 90 days, and as aforesaid, the cross-appeal was not taken within that time.

██ ██ This Court held in the case of Anderson v. Laurel Oil & Fertilizer Co., 228 Miss. 95, 87 So. 2d 556, that the rule providing that assignment of errors should be filed by appellant at least 30 days before the case is set for hearing does not apply to cross-appeals. Moreover we have held that a cross-appeal is perfected by filing a cross-assignment of errors. See Merchants Fertilizer & Phosphate Co. v. Standard Cotton Gin, et al, 199 Miss. 201, 23 So. 2d 906. This Court pointed out

in the case of Crawley v. Ivy, 149 Miss. 764, 116 So. 90, that: "Chapter 153, Laws 1926, (Hemingway's Code 1927, Sec. 2650) which limits the time within which an appeal to this Court can be taken, has no bearing on the time within which an assignment of error may be filed after the record in a case has been transferred to this court; * * *". Section 753, Miss. Code 1942, as amended by Chapter 214, Laws 1954, simply amends the above Section 2650, Hemingway's Code 1927, so as to change the time of appeal from six months to 90 days, and does not change the ruling in Crawley v. Ivy, supra.

In the case of Anderson v. Laurel Oil & Fertilizer Co., supra, we said: "The custom has prevailed in this Court allowing cross-assignments of error to be filed at the time appellee's brief is due. Unless and until a rule is adopted by this Court regulating the time for filing cross-assignments of error, we shall continue our approval of this practice."

The motion to dismiss the cross-appeal will therefore be overruled.

Motion to dismiss cross-appeal overruled.

*McGehee, C.J.,* and *Arrington, Ethridge* and *Jones, JJ.,* concur.