PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Forrest County which reversed in part an order of the Work *594 men’s Compensation Commission which affirmed the findings and conclusions of the attorney-referee.
The attorney-referee found that the complainant, Webster Pope, received an accidental injury on January 4, 1963, in the course and scope of his employment. The injury, an abdominal hernia, required remedial surgery which was performed on January 23, 1963. This operation repaired the hernia and was described by the surgeon as being a success. However, the claimant continued to have physical difficulty.
Claimant’s physical distress was diagnosed as a generalized lymphadenopathy, with soreness and swelling in the area of the hernia incision. A second operation was performed on April 25, 1963, and some lymph nodes were removed from the claimant’s groin, and, though not related to the lymphadenopathy, a fatty tumor was removed from the claimant’s shoulder. According to claimant’s testimony, his ills and physical difficulties were not alleviated by this operation, and these difficulties have required numerous visits to various doctors in pursuit of relief.
On December 22, 1964, claimant was operated upon by Dr. Clark and Dr. Fridge of Hattiesburg. The purpose of this surgery was to remove scar tissue from the prior operations that might be the cause of physical distress as well as to determine whether the femoral nerve had been injured and, if so, to repair it. The doctors found nothing organically wrong with the claimant and nothing to substantiate his various aches and pains. Nevertheless, the record reflects that the claimant constantly complains of physical distress and pain in all parts of his body to the extent that he is unable to engage in compensable employment.
The order of the attorney-referee, which was affirmed by the commission, directed the defendants to pay to the claimant temporary total disability benefits at the rate of $35 per week beginning January 16, 1963, payable as provided by section 8(b) of the Workmen’s Compensation Act. Miss. Code Ann. § 6998-09(b) (1952). This provision is:
In case of disability total in character but temporary in quality, sixty-six and two-thirds per centum (66%%) of the average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, shall be paid to the employee during the continuance of such disability not to exceed four hundred fifty (450) weeks or the maximum of twelve thousand, five hundred dollars ($12,500.00), whichever shall be the lesser in amount.
The commission further directed that the defendants pay the cost of claimant’s medical services and supplies as provided by section 7 of the act (Miss. Code Ann. § 6998-08 (1952) and, additionally, that the defendants pay a ten per cent penalty as provided by section 13(e) of the act. Miss. Code Ann. § 6998-19 (e) (1952).
On appeal by the defendants to the circuit court this order was in effect reversed as the order of the circuit court limited payment by the defendants to $35 per week for a total of twenty-six weeks and limited the payment for medical services to the hernia operation of January 23, 1963, which is in accord with section 8(f) of the act, Mississippi Code Annotated section 6998-12 (1952), the hernia statute. This order did not mention the ten per cent penalty imposed upon defendants by the attorney-referee.
The claimant appeals assigning as error, among other things, the following: (1) The circuit court erred in modifying the finding of fact of the Mississippi Workmen’s Compensation Commission, as it is the trier of fact; (2) the court erred in not specifically ordering the defendants *595 to pay the cost of medical services as provided by Section 7 of the act; and (3) the court erred in not affirming the ten per cent penalty imposed by the act in the event of nonpayment without an award.
This Court has many times held, and again holds, that the Workmen’s Compensation Commission is the trier of fact in compensation cases. The question presented by this appeal is whether there is substantial evidence to establish a causal connection between claimant’s surgery of January 23, 1963, for repair of a hernia, and the physical discomforts and disabilities suffered since that time. In Rivers Construction Company v. Dubose, 241 Miss. 527, 130 So.2d 865 (1961), we held that in certain hernia cases temporary total disability awards could be required if the injury spread to other parts of the body and produced a greater or more prolonged incapacity than that which would naturally result from a hernia. In that case we stated as follows:
The rule is well established that where an employee has received a specific injury which spreads to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the injured member, the employee is not limited to a recovery of the special allowance provided for in case of injury to a specific member or members, but may recover under the act, for compensation in case of disability. 241 Miss. at 535, 130 So.2d at 868.
However, this rule is limited by the same opinion to claims supported by substantial evidence as shown by the following statement;
The finding of facts by the trier of fact, the Workmen’s Compensation Commission, either in allowing or denying compensation claim, must be supported by substantial evidence. * * * 241 Miss. at 536, 130 So.2d at 869.
* * * * * *
This Court has repeatedly held that the Workmen’s Compensation Commission is a fact finding agency and where there is substantial evidence to support the finding of the Commission as to the facts, this Court will respect its order and affirm its finding. 241 Miss. at 537, 130 So.2d at 869.
In McBride v. Wetmore & Parman, Inc., 241 Miss. 743, 133 So.2d 261 (1961), we held that where there was substantial evidence to sustain a causal relationship between a hernia operation and a post-operative disabling heart condition, the provisions of the last paragraph of Section 8(f) relating to claims for hernia did not preclude recovery by the injured workman for injuries to other organs of the body from the hernia where such other injuries were induced by the surgical operation. In that case an order was entered permitting an award for permanent partial disability as provided for by Section 8(c) of the act. These cases authorize recovery for post-operative difficulties in hernia cases without the limitation imposed by the hernia statute, Section 8(f) of the act, if there be substantial evidence to establish a causal connection between the corrective surgery required by hernia and the later physical difficulties.
The circuit court in the present case found: “The evidence in the record does not justify compensation award for any other claims asserted by the claimant against the employer and carrier as disclosed through the record of testimony in this cause.” We also have examined this record in detail and find no evidence to support an award beyond the limitations of the hernia statute. The evidence of the medical experts is to the effect that there is no relation between the claimant’s present physical disabilities and the hernia operation of January 23, 1963, nor is *596 there any relation there, that we discover, between the accident and the present disability.
We are of the opinion that the order of the circuit court should be affirmed as to its findings and conclusions which limited the liability of appellees to the provisions of the hernia statute, Section 8(f), supra. However, it is modified to the extent that the ten per cent penalty directed by the attorney-referee and affirmed by the commission to be paid, is hereby reimposed, as ■ compensation awards were not made by the defendants in compliance with section 13(e) of the act.
Affirmed as modified.
ETHRIDGE, C. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.