GILLESPIE, Presiding Justice:
This workmen’s compensation case involves permanent partial disability of claimant arising from the following circumstances. On September 4, 1964, claimant, a 45-year-old man, was thrown from a bulldozer and received multiple injuries including rupture of the spleen, laceration to the liver, and a ruptured blood vessel in the stomach. After admission to the hospital, Dr. T. A. Baines performed an abdominal operation, removed the spleen, repaired the liver and ruptured blood vessel of the stomach. The claimant made an uneventful recovery and on September 17, 1964, was discharged from the hospital. On November 3, 1964, Dr. Baines noticed a weak place had developed in the incision area.
On December 4, 1964, Dr. Baines again operated on claimant and repaired the postoperative hernia. In the course of the operation Dr. Baines examined the liver and stomach and found that both had healed. There was no permanent impair *84 ment from the removal of the spleen or the repair of the liver and blood vessel of the stomach. On February IS, 1965, Dr. Baines again examined claimant and found that the postoperative hernia had recurred. Dr. Baines suggested that claimant see another surgeon. On March 18, 1965, claimant was examined by Dr. James C. Griffin, a surgeon, who found that claimant had a ventral hernia which he considered a hernia secondary to an incision. Dr. Griffin was of the opinion that “the hernia will never improve and will only become larger with the passage of time.”
Dr. J. Walton Lipscomb examined claimant on April 9, 1965, at which time claimant was complaining of the recurrent postoperative hernia. Dr. Lipscomb performed a second repair of the hernia on April 29, 1965. Dr. Lipscomb thought claimant was able to return to work as far as the hernia was concerned. Dr. Lipscomb stated that at that time claimant’s upper stomach did not bulge out as much as it did at the time of trial. At the time of trial in April 1966, Dr. Lipscomb described claimant’s condition as a “general protrusion of the whole area between the umbilicus and the chest wall.” A study of Dr. Lipscomb’s testimony indicates that the repair he made of the stomach muscle held except for a small place at the top of the incision. The principal cause of claimant’s residual partial disability, as to which there is no dispute, is the result of “a generalized weakness” of the muscles of the entire upper stomach area between the umbilicus and chest. Photographs in the record show this general bulging and Dr. Lipscomb described it as follows: “It looks like he’s pregnant too high up.” Dr. Lipscomb also described his condition as the “relaxation of the entire musculature” and “it’s a bulge of'the entire upper thing now rather than just a hernia.” He also said that this is a rare condition. Dr. Lipscomb declined to say the claimant’s present condition is due to the hernia, but said “I would say it [the hernia] definitely contributed to it.” All the medical evidence agreed that further operations would do claimant no good.
Claimant’s arm was injured, but the commission found no residual disability to the arm. Just after this accident claimant lost the vision of one eye due to a cause other than the injury, as the commission found. There is no issue here as to the loss of vision or injury to the arm.
The attorney-referee found that the present disability was attributable to the injury to the body as a whole and awarded compensation for permanent partial disability. The commission affirmed. The circuit court affirmed the commission’s award. The employer and its compensation carrier appealed to this Court.
Appellants argue that claimant’s residual disability is the result of a recurring postoperative hernia and his benefits are limited to medical expenses and twenty-six weeks compensation in accordance with the hernia statute.
The statute concerning hernias is Mississippi Code 1942 Annotated section 6998-12 (Supp.1966), which in part is as follows:
In all cases of claim for hernia, it shall be shown by a preponderance of the evidence :
1. That the descent or protrusion of the hernia or rupture immediately followed as the result of sudden effort, severe strain, or the application of force to the abdominal wall;
2. That there was severe pain in the region of the hernia or rupture;
3. That there has been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed;
4. That the physical distress resulting from the descent or protrusion of the hernia or rupture was noticed immediately by claimant, and communicated to his employer within a reasonable time; and
5. * * * Postoperative hernias shall he considered as original hernias. * *
We are of the opinion that the commission’s award of compensation for injury to *85 the body as a whole rather than for the limited award provided in the hernia statute was correct for the following reasons.
1. The statute contemplates a hernia immediately following and as a result of sudden effort, severe strain, or the application of force to the abdominal wall. In other words, the hernia statute applies only if the hernia results from an accidental injury that arose out of and in the course of the employee’s employment. It seems clear to us that where, as in the instant case, an employee sustains internal injuries while on the job which requires surgical entry into the abdomen which results in a postoperative hernia, the hernia statute has no application. The hernia in this case was not one involving sudden effort, strain, or application of force to the abdominal wall, and it was not an accidental injury, and it did not occur on the job. It occurred gradually following the operation performed to repair injuries claimant sustained in the work-related accident.
2. The permanent condition which now partially disables claimant is, at least in part, a hernia according to the medical testimony, a hernia being defined as any abnormal protrusion or bulging of any part of the viscus from its normal position. But his condition involves more than a hernia and it has spread from the operative site. There is a small weak area at the upper end of the vertical incision site, but the resultant residual condition is a general relaxation and weakness of the entire musculature and general protrusion of the whole area between the umbilicus and the chest wall. Dr. Lipscomb testified that “It’s a bulge of the entire upper thing now rather than just a hernia.” We conclude that there was ample evidence to support the commission’s finding that even if the original injury had been a hernia within the meaning of the statute (which it was not) the hernia has spread beyond the operative site to other areas of the body. This Court recognized in Pope v. A. K. McInnis Construction Company, 193 So.2d 593 (Miss.1967), and Rivers Construction Company v. Dubose, 241 Miss. 527, 130 So.2d 865 (1961), two cases upon which appellants heavily rely, but which are not factually in point, that the limitations of the hernia statute would not apply if the hernia injury spreads to other parts of the body. A case somewhat similar in principle is McBride v. Wetmore & Parman, Inc., 241 Miss. 743, 133 So.2d 261 (1961), where claimant suffered a disabling heart condition as a postoperative result of surgery on a compensable hernia, and this Court held that compensation was not limited to the twenty-six weeks provided for in the hernia statute.
We are of the opinion that the case should be affirmed and remanded to the commission.
Affirmed and remanded.
RODGERS, PATTERSON, INZER and ROBERTSON, JJ., concur.