279 So.2d 644 (1973)
FORTUNE FURNITURE MANUFACTURING COMPANY, INC., and Associated Indemnity Company
v.
Daniel R. SULLIVAN.
No. 47071.
Supreme Court of Mississippi.
May 14, 1973.
As Modified on Denial of Rehearing June 29, 1973.
Daniel, Coker, Horton, Bell & Dukes, Donald V. Burch, Jackson, for appellants.
John D. Sibley, Okolona, for appellee.
*645 RODGERS, Presiding Justice.
In 1957, while working for the Futorian Manufacturing Company, Inc., the appellee, Daniel R. Sullivan, sustained an injury diagnosed as a ruptured disc at L-3 on the left side of the vertebral column. Even though the appellee was advised by his physicians to undergo an operation to repair the damage at the site of the ruptured disc, he declined to do so. Eventually, the claimant settled his claim with Futorian Manufacturing Company, Inc., based upon a fifteen percent (15%) impairment of his body as a whole due to the back injury. Subsequently, he was employed by the Fortune Furniture Manufacturing Company as a truck driver. Claimant advised the president of the Fortune company that he had been having back trouble, and the president was aware that Sullivan would likely have more trouble with his back. Claimant's employment required him to deliver chairs manufactured by Fortune to various customers throughout the United States. Upon arriving at the point of delivery, the driver was required to unload the chairs himself. Despite the fact that Mr. Sullivan experienced some pain in his back, he continued to perform his driving and unloading duties for some time, and was obviously a willing worker.
The claimant testified that on April 21, 1970, he hauled a load of one hundred sixty-eight (168) chairs to Carlisle, Pennsylvania. While unloading the chairs at Carlisle, he found it necessary to stand on a barrel in order to reach a chair located near the top of the thirteen-foot six-inch load. He lost his footing, fell off the barrel while holding a seventy-pound chair, and reinjured his back. Despite the pain associated with his reinjured back, he continued to drive and unload chairs until he returned to his employer's place of business.
*646 In his testimony, claimant stated that upon arriving at defendant's plant in Okolona, Mississippi, he advised the president that he had hurt his back again, and would not be able to work for a few days. He consulted a local physician and was referred to a specialist in Memphis, a Dr. Matthew Wood. After the circumstances of the Carlisle injury were explained to the physician, a myelogram was performed which revealed that claimant had a ruptured disc at L-4 on the right side. Dr. Wood testified that this injury occurred at a different level in the spine from the previous injury. The claimant underwent surgery to remove the ruptured disc at L-4. His surgeon testified that in his opinion, claimant had suffered a fifteen percent (15%) permanent impairment of the body as a whole.
Since the operation, claimant has been unable to work due to constant pain in his left leg. On one occasion, in an effort to work, however, he did make a trip to New York for another company.
The claimant's wife testified that when her husband came back from Pennsylvania he could not get out of the truck without help. She also testified as to his suffering since that time.
Dr. Shumaker, as a witness for the employer, testified that claimant had a history of herniated lumbar discs beginning at least fifteen (15) years before the trial. Dr. Shumaker also stated that on November 7, 1969, claimant came to him for treatment of a back ailment and told the doctor that he had been experiencing similar back pains for the past several years. Dr. Shumaker diagnosed claimant's problem as an acute herniated lumbar disc. Upon examining him, Dr. Shumaker noted that his patient experienced considerable pain in attempting to get onto the examining table. The doctor testified that claimant could not lift his legs because: "He just couldn't bear me to even lift them." After a subsequent visit to Dr. Shumaker on the eleventh (or nineteenth) of November "still complaining of severe low back pain," the claimant was advised to see a specialist. There is also testimony that the claimant said he hurt his back in a fall on a curb.
The president of the company testified that the claimant did not tell him that he had been injured in Carlisle, Pennsylvania, but he said he knew about the claimant's back trouble. He said he did not believe that the claimant was hurt on his job.
The attorney-referee entered the following order:
"Having considered all the evidence in this cause and based upon what I consider to be substantial evidence, I find that the claimant did not sustain an accidental injury as alleged and that the claimant's present condition, incapacity or disability, if any, is not related to his employment with Fortune Furniture Company, Inc." (Emphasis added.)
On appeal to the Workmen's Compensation Commission, two (2) members of the Commission sustained the order of the attorney-referee, and one (1) member dissented. The circuit judge, however, reversed the order of the commission and ordered the Fortune Furniture Manufacturing Company and its carrier to pay claimant temporary total disability from April 21, 1970 to July 24, 1970, and to pay claimant's permanent partial disability in an amount to be determined by the commission.
This is another one of those cases in which this Court is handicapped in its effort to perform the function of an appellate court, because of the lack of facts stated in the order of the administrative agency on which its finding is predicated.
The problem we have here is simply that there is no substantial evidence to contradict the positive testimony of the claimant that he had an accident in Carlisle, Pennsylvania. Of course, the commission does not have to accept unbelievable *647 testimony, but in the instant case all the facts shown by the defendant Fortune in defense of the claim could be true and still the claimant's testimony could also be true. This is particularly true in view of the corroborating testimony of Dr. Matthew Wood. The mere fact that the president of the company testified that the claimant failed to tell him about the accident  or the fact that the claimant had been previously injured  would not bar the petitioner's claim, if the employer knew of the claimant's back condition and knew of his injury; and the failure of the claimant to give notice was not prejudicial to the employer.
Professor Larson points out in his work on Workmen's Compensation that:
"The Commission may even refuse to follow the uncontradicted evidence in the record; but when it does so, its reasons for rejecting the only evidence in the record should appear  e.g., that the testimony was inherently improbable, or so inconsistent as to be incredible, that the witness was interested, or that his testimony on the point at issue was impeached by falsity in his statements on other matters. Unless some explanation is furnished for the disregard of all the uncontradicted testimony in the record, the commission may find its award reversed as arbitrary and unsupported. This sometimes occurs when the commission denies compensation on a record that contains nothing but testimony favorable to claimant, with no indication whether all or part of the testimony was disbelieved, and if so why." 3 A. Larson, The Law of Workmen's Compensation § 80.20, at 268-272 (1971).
We said in Rivers Construction Company v. Dubose, 241 Miss. 527, 130 So.2d 865 (1961) that the failure to make a finding of fact was not fatal to an informal order of the Commission, but, at the same time, we said:
"The great weight of authority holds it to be better form for a fact finding administrative agency or commission to make a finding of facts on which to base an award or reject a claim." (Citing cases). 241 Miss. at 536, 130 So.2d at 869.
This rule is almost universal. 58 Am.Jur. Workmen's Compensation §§ 471-472, at 877-878 (1948); 100 C.J.S. Workmen's Compensation § 631(a)(b)(c), at 913-923 (1958); 3 A. Larson, The Law of Workmen's Compensation § 80.20, at 268 (1971).
We have repeatedly held that the Workmen's Compensation Commission is the trier of fact. The Commission is the judge of the weight and worth of the evidence. In a case where the evidence is adverse to the order of the Commission, unless the Commission makes a finding of fact, the reviewing court is placed in the awkward position of trying to ferret out sufficient evidence from the record to avoid holding that the order of the Commission is arbitrary and capricious, or that it is based on substantial evidence.
In the instant case the great weight of the testimony leads to but one conclusion: the claimant had an accident in Carlisle, Pennsylvania from which he suffered a new injury, or his old injury was so aggravated by a new accident as to prevent him from performing his gainful occupation. He was, therefore, disabled, the extent of which must be determined by the Workmen's Compensation Commission.
The judgment of the circuit court allowing appellee temporary total disability for the period beginning April 21, 1970 and ending July 24, 1970 is affirmed. The judgment is affirmed requiring payment to appellant of permanent partial disability in an amount to be determined by the Commission but modified to the extent that the Commission shall determine if apportionment should apply. The judgment is affirmed as to payment of penalties, but reversed as to the requirement of the payment of medical expenses, and remanded *648 to the Commission on the question of liability of appellee for medical expenses and for determination of the amount of permanent partial disability.
Reversed and remanded.
All Justices concur.